THOMAS, Adm'x, etc., *v.* THE DELAWARE, LACKAWANNA & WESTERN R. Co.

*(Circuit Court, N. D. New York.   September 1, 1881.)*

**1. RAILROADS—PRIVATE CROSSINGS—NEGLIGENCE.**

> Instructions that although there was no statutory obligation which required the railroad company to ring a bell when approaching a private crossing, the jury might find it was negligence to omit to do this when running at a high rate of speed, at a time when the view of the train was so obstructed by cars on a side track as to render the use of the crossing peculiarly hazardous; that a railroad company ordinarily has the right to run its trains at any rate of speed it thinks proper, but that the condition of the crossing might impose some restrictions upon this right, and, under the circumstances, the jury might predicate negligence upon excessive speed; that one using such crossing must use all his faculties to ascertain whether or not he could do so safely; that one has the right to assume that the company would use more than ordinary care in approaching a crossing so obstructed,— *held,* to be unexceptionable.   *Held, also,* that evidence was properly admitted to show how long the empty freight cars had been allowed to stand on the side track prior to the occurrence of the accident.

*Spriggs & Mathews,* for plaintiff.

*J. D. Kernan,* for defendant.

WALLACE, D. J.   The points raised by the defendant on its motion for a new trial are not well taken.

The instructions to the jury fully and correctly presented the law of the case.   The plaintiff's intestate was killed while crossing the railroad track of the defendant at a private crossing where he had a right to be, and in regard to which the defendant was charged with the duty of exercising reasonable care for the protection of those entitled to use it.   The evidence authorized the jury to find that the defendant was guilty of negligence in running its special train at a furious rate of speed across a crossing which it had obstructed by its freight cars, so that the view of an approaching train was intercepted, without ringing the engine bell or making other signal of approach. The deceased was not a trespasser, or mere licensee, in the use of the

crossing. He had as much right there as the defendant had. The crossing was a private road, which existed before the railroad was constructed, for the use of the farm which the railroad divided, and for the use of tenants and the factory. The land of the defendant was servient to the easement which this road constituted. The rights and obligations of the deceased and the defendant, the one towards the other, were the same as though its crossing were a public highway, except the defendant was not required to make the statutory highway signals.

The jury were instructed that, although there was no statutory obligation on the part of the defendant to ring a bell upon approaching this crossing, they might find it was negligence to omit this when running at a high rate of speed, at a time when the view of the train was so far obstructed by the cars which had been permitted to remain upon the side-track as to render the use of the crossing peculiarly hazardous. The jury were also instructed that the defendants ordinarily had the right to maintain such a rate of speed as it might think proper, but that the condition of the crossing, for which the defendant was responsible, might impose some restrictions upon this right, and, under the circumstances, the jury might predicate negligence upon excessive speed. Upon all the facts it was left to the jury to determine whether the defendant failed to observe that measure of care which would be incumbent upon a prudent and intelligent individual under like circumstances. These instructions were as favorable as the defendant had any right to insist.

Railroad corporations may ordinarily maintain such rate of speed with their trains as they see fit. They may even permit their officers to enjoy the luxury of special trains, and dash over their roads with a single car almost noiselessly and at lightning speed. They may use their side-tracks near the intersection of highways or private roads for the storing of empty cars. While these things may not be agreeable to the general public, they are, nevertheless, within the privileges with which railroad corporations have been invested; and the public have no right to complain, because they are legitimately within these privileges. But when these privileges come in collision with the rights of those who use the highways or private roads to cross the railroad, they must give way; because, as to these persons, the railroad corporation is under the obligation of exercising reasonable care to prevent injury.

What is reasonable care, or, conversely, what omission of precaution

is negligence, can only be defined by general propositions, the application of which must depend upon the circumstances of the particular case.

In *Continental Improvement Co.* v. *Stead*, 95 U. S. 161, it is stated that travelers upon a highway which crosses a railroad, and the railroad company, have mutual and reciprocal duties and obligations, and although the train has the right of way the same degree of care and diligence in avoiding a collision is required from each of them; and that the degree of diligence to be used on either side is such as a prudent man would exercise, under the circumstances of the case, in endeavoring fairly to perform his duty. In this case the court approved the ruling of the court below, that the amount of care required of the railroad company depended on the risk of danger, and that when the view was obstructed so that parties crossing the railroad could not see an approaching train, that the latter should approach the crossing at a less rate of speed, and use increased diligence to give warning of their approach.

The authorities of like import are too numerous and unanimous to need citation. The case of *Cordell* v. *N. Y. C. R. Co.* 70 N. Y. 119, however, deserves a reference; because, while asserting the same general propositions, it is also to the effect that although there is no statutory requirement to ring a bell or sound a whistle at a farm crossing, it does not follow that the omission to do so, when the crossing is obstructed, is not a circumstance to be considered in determining the question of negligence.

The case was also fairly presented to the jury upon the issue of the negligence of the deceased. They were instructed that it was incumbent upon him, before attempting to cross the track, to use all his faculties to ascertain whether or not he could do so safely, and that he was held to that measure of care and prudence which would have been exercised by an intelligent and careful man under the same circumstances. Notwithstanding the testimony of the defendant's witnesses, the jury were at liberty to draw the inference that owing to the obstructions the deceased did not see the approaching train, and that owing to the noise of the factory he did not hear it. The absence of any fault upon the part of the deceased may be inferred from the circumstances in connection with the ordinary habits, conduct, and motives of men. The natural instinct of self-preservation in the case of a sober and prudent man stands in the place of positive evidence. *Johnson* v. *Hudson River R. Co.* 20 N. Y. 65.

It was correct to instruct the jury that he had a right to assume the defendant would use more care, in view of the obstructed condition of the crossing, than ordinary. The law will never hold it imprudent in any one to act upon the presumption that another in his conduct will act in accordance with the rights and duties of both. *Newson* v. *New York Cent. R. Co.* 29 N. Y. 383; *Liddy* v. *St. Louis R. Co.* 40 Mo. 507; *Langhoff* v. *Milwaukee, etc., R. Co.* 19 Wis. 515; *Hegan* v. *Eighth Avenue R. Co.* 15 N. Y. 383; *Pennsylvania R. Co.* v. *Ogier*, 35 Pa. 60, 72.

But assuming that the deceased saw the approaching train 60 rods from the crossing, as he was preparing to cross, it would have been error to instruct the jury, as requested, that he was guilty of contributory negligence if he did not stop to see if he could cross safely just as he emerged upon the track from behind the empty car upon the side-track. *Kellogg* v. *N. Y. C. R. Co.* 79 N. Y. 72. The jury were at liberty to find, if the train had been approaching at ordinary speed, there was ample time for the deceased to cross in safety. As the result proved, if the train had been running at 20 miles an hour instead of 40, indisputably there would have been ample time. It is not negligence *per se* to cross a track in front of an approaching train. When there is ample time, it is the daily practice of prudent men to do so. Where a person crosses in plain sight of a train and is struck, there is an irresistible inference of fact that there was not sufficient time to cross, because the proximity of the train can be measured at every step taken by the pedestrian, and in such a case it would be proper to rule that the defence of contributory negligence is established. Such was the case in *Railroad Co.* v. *Houston*, 95 U. S. 697; and this latter proposition was charged in the present case.

It is urged the court erred in permitting the plaintiff to show how long the empty freight cars had been permitted to stand upon the side-track prior to the time of the accident. Undoubtedly the material inquiry was as to the condition of things at the time the accident took place, and the jury were very explicitly instructed to this effect. The fact elicited was treated simply as part of the history of the case, and was not prejudicial to the defendant. This point cannot avail the defendant.

Judgment ordered for plaintiff.