## The Chicago & Alton Railroad Company v. James Hodge.

1. EVIDENCE—*Of Negligence Upon Former Occasions.*—Upon the trial of an action for damages sustained for killing a cow which came upon a railroad through a gate, witnesses were permitted, over objection, to testify that on former occasions the agent of the company had passed through the gate without closing it. *Held*, reversible error.

**Memorandum.**—Action for killing a cow. In the Circuit Court of Greene County on appeal from justice's court; the Hon. LYMAN LACEY, Judge, presiding. Trial by jury; verdict and judgment for plaintiff; defendant appeals. Heard in this court at the May term, 1893. Reversed and remanded. Opinion filed April 28, 1894.

WILLIAM BROWN, attorney for appellant.

JAMES R. WARD, attorney for appellee.

MR. PRESIDING JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

The appellant company maintained a fence about its depot grounds at the station of Berden. A gate was pro-

vided through which persons could pass in order to reach the platform and depot building. A cow belonging to the appellee got through this gate, came upon and passed across the platform to and upon the track of the railroad almost immediately in front of an approaching train, and was struck and killed by the locomotive. This is an appeal from a judgment in appellee's favor for the value of the cow, $30, and for $70 attorney's fees, a total of $100. The cause originated before a justice of the peace, and consequently the grounds of recovery must be determined from the proof. The evidence does not justify the charge that the animal was killed because of the negligence of the appellant's agents in charge of the engine or train. Liability upon that ground was not referred to in the instructions asked or given the jury for the appellee in the trial court, and is not urged in the brief of counsel in this court. The alleged default relied upon to support the judgment is that the station agent of the company negligently permitted the gate to be and remain open at the time. This was positively denied by the agent, and the evidence *pro* and *con* upon the point left it, to say the least, a closely contested question of fact. The court permitted witnesses for appellee, over the objection of the appellant company, to testify that the agent had upon other occasions passed through the gate without closing it after him, and had not closed it at other times when he knew it to be open. This testimony was incompetent and clearly prejudicial to the appellant. When considered in connection with the first instruction given for the appellee, which in substance told the jury that the appellant was liable if the agent negligently permitted the gate to remain open (without qualification as to time or occasion), and that the cow passed through it when it was open, it seemed most probable that such incompetent testimony contributed not a little to the conclusion reached by the jury. For the reasons indicated the judgment is reversed and the cause remanded.