NICHOLS, ADMINISTRATRIX, *v.* BALTIMORE & OHIO
SOUTHWESTERN RAILROAD COMPANY.

[No. 4,794. Filed February 24, 1904. Rehearing denied May 24, 1904.]

NEGLIGENCE.—*Contributory.*—*Death by Wrongful Act.*—*Complaint.*—Under
§359a Burns 1901, an averment that decedent was without fault is not
necessary in a complaint in an action for death by wrongful act of
defendant. *p. 232.*

Nichols v. Baltimore, etc., R. Co.

NEGLIGENCE.—*Contributory.*—*Burden of Proof.*—*Instruction.*—An instruction in an action for damages for death by wrongful act, stating that the defendant had answered by general denial, and that this answer put the burden upon plaintiff of proving by a preponderance of the evidence all the material allegations of the complaint, was calculated to leave the erroneous impression upon the jury that the burden of the issue of contributory negligence was on the plaintiff.    *p. 232.*

RAILROADS.—*Accident at Crossing.*—*Signals.*—*Instruction.*—Where the complaint in an action for damages for injuries resulting from a railroad crossing accident charged a failure to give the statutory signals it was not error to instruct the jury that if the engineer in charge of the approaching engine observed a team near the crossing, evidently frightened, and becoming unmanageable, it was his duty to refrain from giving signals or doing any act that tended to increase the fright of the team; and if, by reasonable exertion, he could avoid the accident by stopping the train, it was his duty to do so, but that if the train had reached a point where the law required signals to be given, and it was uncertain whether the train could be stopped before reaching the crossing, he must give the signals.    *pp. 232, 233.*

SAME.—*Accident at Crossing.*—*Contributory Negligence.*—*Presumption.*—It will not be presumed that injuries received by a traveler at a railroad and highway crossing by collision with an engine were brought about by his own negligence, but, on the contrary, the presumption is that he was without fault, his negligence being a matter of defense under ?359a Burns 1901.    *pp. 233, 234, 236–242.*

SAME.—*Accident at Crossing.*—*Sounding Alarm Signals.*—Whether an engineer was justified in sounding an alarm signal upon discovering a team approaching the railroad crossing was a question for the determination of the jury.    *pp. 234, 235.*

APPEAL AND ERROR.—*Record.*—*Special Bill of Exceptions.*—*Seal.*—Where the record is duly attested by the general certificate of the clerk with the seal affixed, it is unnecessary to affix the seal to a special bill of exceptions included therein containing the instructions.    *p. 235.*

SAME.—*Instructions not all in Record.*—The fact that all of the instructions requested are not in the record is immaterial, where objections are made only to the instructions given.    *p. 235.*

From Lawrence Circuit Court; *W. H. Martin,* Judge.

Action by Bettie F. Nichols, administratrix of the estate of Charles L. Nichols, deceased, against the Baltimore & Ohio Southwestern Railroad Company. From a judgment for defendant, plaintiff appeals. *Reversed.*

*S. B. Lowe, W. H. Edwards* and *J. H. Edwards,* for appellant.

*W. R. Gardiner, C. G. Gardiner, T. D. Slimp, R. N. Palmer* and *Edward Barton*, for appellee.

COMSTOCK, J.—Appellant, the widow of Charles L. Nichols, deceased, as administratrix, brought this action against appellee, to recover damages for the death of the decedent, caused by the alleged negligence of the defendant. The complaint is in two paragraphs. The accident occurred at a public highway crossing. The deceased and his son were riding in a road wagon drawn by two mules. The negligence attributed to the appellee in the first paragraph is (1) failure to give the statutory signals, (2) failure to check the speed of the train, and (3) unnecessarily giving the danger signals and ringing the bell of the locomotive with knowledge that the team was unmanageable. The negligence charged in the second paragraph is (1) failure to give the statutory signals, and (2) giving the danger signals and ringing the bell needlessly with knowledge that the team was unmanageable. Appellee answered by general denial, and the trial resulted in a verdict and judgment for appellee.

The only error assigned is the overruling of appellant's motion for a new trial.

Appellant relies for reversal upon the giving by the court, of its own motion, of certain instructions, and of other instructions given at the request of appellee. We shall consider these instructions, following the order in which they are discussed in appellant's brief.

Instructions one and two given by the court of its own motion may be considered together. Instruction one purports to state the averments of the complaint as to the character of the action, the corporate existence of the defendant, date of the accident, the negligence of the defendant, and that the deceased was without fault. The second instruction states the nature of the answer, that it is a general denial, that before plaintiff can recover she must prove by a fair preponderance of the evidence all the material

allegations in one or more of the paragraphs of the complaint. The complaint contains no averment that the plaintiff was without fault, neither was such averment necessary. §359a Burns 1901. The second instruction, stating that the defendant had answered by general denial, and that this answer put the burden upon the plaintiff of proving by a preponderance of evidence all the material allegations of at least one paragraph of the complaint, was well calculated to give the jury the impression that the burden of the issue of contributory negligence was upon the plaintiff.

Instruction two and one-half stated it to be the law that if, on the approach of a railroad train to a highway crossing, the engineer in charge of the engine observed a team near the crossing, evidently frightened and becoming unmanageable, it was the duty of the engineer to refrain from giving signals or doing any act that tended to increase the fright of the team; and if, by reasonable exertion, he could avoid the accident by stopping the train, it was his duty to do so. If, however, the train had reached a point where the law required signals to be given, and it is uncertain whether or not the train can be stopped before reaching the crossing, he must give the signals. It is claimed that this instruction treats the signals given by the engineer immediately before the accident and after the team and crossing came into view of the engineer, which was less than five hundred feet from the crossing, and not eighty to one hundred rods from the crossing, as signals required by law, while the law requires no signals to be given less than eighty rods from the crossing; that in the case at bar the place for giving the statutory signals was passed before the deceased and the crossing and the team came into the engineer's view. Both paragraphs of the complaint charge a failure to give the statutory signals. With the statement of the duty of the engineer when approaching a frightened

team the appellant has no reason to complain. There was no error in giving it.

Against instruction five given at the request of appellee the point is made that it is not applicable where the deceased was involuntarily drawn upon the crossing by a frightened team, and was not attempting to cross the railroad; and that it assumes that the deceased went voluntarily upon the track. The instruction states generally the duty of a traveler in approaching a point upon a highway where a railroad track is crossed upon the same level to proceed with caution, to look and listen. The instruction does not, as we understand it, make the assumption charged. As an abstract statement of the law it is correct, with the exception of the statement that he must stop. Whether the traveler must stop before he attempts to cross must depend upon the facts of each particular case. This instruction could not have prejudiced the rights of the appellant in the light of the undisputed evidence that the deceased stopped, looked, and listened.

Instruction number ten, complained of, is as follows: "The defendant had the right to run its locomotive engine over its railroad at the time it did when it collided with the wagon of the plaintiff's decedent, and at any time, day or night, that it pleased, and this the plaintiff is held to know, and the plaintiff's decedent to have known at the time of the collision." Upon the giving of general signals appellee had the right to operate its trains. The right of appellee to operate its trains was subject to the restrictions imposed by law and reasonable prudence.

Instructions numbered fourteen and fifteen assume that decedent voluntarily drove upon the track, and are open to this objection which is made to them.

In instruction number sixteen the jury are told that "the law presumes that the injuries to plaintiff's decedent, of which he died, if you find he did die from injuries received

by collision with defendant's engine at a highway and railway crossing, were brought about by his own negligence." We have set out the opening sentence of the instruction. It is not modified by anything that follows. This was error. The instruction, we think, is contrary to the spirit of recent legislation and decisions. §359a Burns 1901, §284a Horner 1901; Lawson, Presumptive Ev. (2d ed.), 153; *Malott v. Hawkins,* 159 Ind. 127; *Southern Ind. R. Co.* v. *Peyton,* 157 Ind. 690; *Texas, etc., R. Co.* v. *Gentry,* 163 U. S. 353, 366, 16 Sup. Ct. 1104, 41 L. Ed. 186; *Baltimore, etc., R. Co.* v. *Landrigan,* 191 U. S. 461, 24 Sup. Ct. 137, 140, 48 L. Ed. 262; *Chesapeake, etc., R. Co.* v. *Steele,* 84 Fed. 93, 98, 29 C. C. A. 81; *Norton* v. *North Carolina R. Co.,* 122 N. C. 910, 928, 29 S. E. 886. The presumption is that the decedent was without fault, his negligence being a matter of defense.

Instructions numbered twenty-one, twenty-two, and twenty-three are correct as abstract statements of the law. We are of the opinion that they were harmless even if it be conceded that they are inapplicable as claimed by appellant.

Instruction number twenty-four is as follows: "If the engineer in charge of defendant's locomotive engine, as he approached the crossing, going at a high rate of speed usual to his train, and when two or three hundred feet from the crossing he saw Charles L. Nichols and his son, in a wagon drawn by two mules, approaching the crossing, and saw that his team did not stop when at a safe distance from the crossing, but continued going toward the crossing, the said engineer was justified in sounding the alarm signals of the locomotive, and it was his duty to do so, in order, if possible, to prevent the team from going onto the crossing in front of the locomotive." Without qualifications this instruction is too broad. It will not be contended that if the engineer discovered that the alarm signals were frightening or adding to the fright of the team, and making them unmanageable, that it would still be his duty as a matter of

law to continue giving the signals.   Whether the engineer is justified in sounding an alarm signal after discovering the team is to be determined by the jury upon proper instructions under all the facts and circumstances proved.

It is contended by appellee that the instructions can not be considered (1) because no seal is affixed to the special bill of exceptions in which they are set out.   A seal is not necessary.   The record is duly attested by the general certificate of the clerk with the seal affixed.   (2) That the bill of exceptions shows that all of the instructions given to the jury were not copied into the special bill of exceptions.   It is pointed out in this connection that appellant states that the court modified instruction number six requested by appellee among those given by the court, but appellee states that said instruction does not appear in the record.   As the modified instruction might have been given under another number, this is not conclusive that it is not in the record, in the face of the statement in the bill of exceptions that it contains all the instructions given.   (3) That an attempted exception to instruction number eight is not properly reserved.   Said instruction is not discussed, and any error which might have been based thereon is waived.   (4) That all the instructions requested are not in the bill.   Objections are only made to the instructions given.   We conclude that the exceptions to the instructions are properly saved.

The judgment is reversed, with instructions to sustain appellant's motion for a new trial.

WILEY, P. J.—I concur in the conclusion, but it is my judgment that instruction number twenty-four is a correct statement of the law as applied to the facts.   It was the duty of the engineer to give the signals of danger where he did, so as to give warning to the approaching travelers.

## ON PETITION FOR REHEARING.

ROBY, J.—The act of 1899 heretofore cited is as follows: "That hereafter in all actions for damages brought on account of the alleged negligence of any person, copartnership, or corporation, for causing personal injuries, or the death of any person, it shall not be necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought. Contributory negligence, on the part of the plaintiff, or such other person, shall be a matter of defense, and such defense may be proved under the answer of general denial: Provided, that this act shall not affect pending litigation." §359a Burns 1901. Before this act became effective the Indiana courts uniformly held that one seeking to recover damages because of the negligence of another must aver and prove his own freedom from contributory negligence. *President, etc.,* v. *Dusouchett,* 2 Ind. 586, 54 Am. Dec. 427; *Pennsylvania Co.* v. *Gallentine,* 77 Ind. 322-329. The rule requiring the plaintiff to establish his own freedom from negligence of necessity operated to prevent the application of presumptions in his favor. *Toledo, etc., R. Co.* v. *Brannagan,* 75 Ind. 490. The courts did not declare it necessary for the plaintiff to make proof, and then proceed, by the application of a presumption of law, to furnish the proof for him, but he was required to establish the fact. The act of 1899 in all things reversed the rule which theretofore obtained. "It shall not be necessary for the plaintiff in such action to allege or prove the want of contributory negligence on the part of the plaintiff, or on the part of the person for whose injury or death the action may be brought. Contributory negligence, on the part of the plaintiff, or such other person, shall be a matter of defense."

The presumption of contributory negligence arose from

the rule placing the burden upon the plaintiff as to that fact. "In those jurisdictions where the burden is on the plaintiff of proving affirmatively that he was not contributorily negligent, the presumption necessarily is that the plaintiff was contributorily negligent, but in other jurisdictions where the burden is not on the plaintiff of proving affirmatively.that he was not contributorily negligent, the presumption is that he was not contributorily negligent." Lawson, Presumptive Ev. (2d ed.), 133. The statute which changed the burden of proof as to this fact of necessity removed the presumption against the plaintiff. To hold otherwise would be to ignore and override the legislative intent.

It is, however, insisted that there is a presumption of negligence against the traveler injured by collision with a railway train at a highway crossing, different from and additional to the general presumption of contributory negligence which formerly obtained in other cases. It is undoubtedly the law that the party in whose favor a presumption arises is entitled to its benefit as a matter of evidence, without regard to whether the facts upon which it depends were elicited by himself or his adversary, at one time or another.

It remains, then, to inquire only whether an independent presumption of contributory negligence attaches to the plaintiff in a crossing case from the mere fact that he was injured at the crossing, operating in behalf of the defendant to establish the fact which is now by statute devolved upon him to prove.

In the case of *Hathaway* v. *Toledo, etc., R. Co.,* 46 Ind. 25-30, the opinion of the court was in part as follows: "The court, at the request of the defendant, instructed the jury as follows: 'When a person crossing a railroad track is injured by collision with a train, the fault is, *prima facie,* his own, and he must show affirmatively that his fault or negligence did not contribute to the injury, before he is

entitled to recover for such injury.' This instruction means no more, we think, than that in such cases it must be made to appear by the plaintiff that the injury occurred without blamable negligence on his part, before he can recover. Such, we think, is the law, as established by the authorities to which we have referred in another part of this opinion." This instruction was substantially the same as the sixteenth instruction given in the case at bar. The *prima facie* negligence of the plaintiff is declared, in a crossing case, and the presumption is said to be nothing more than an enforcement of the rule by which the burden of proof is put upon the plaintiff. The case is treated exactly as any other case involving the issue. No discrimination is made or suggested between crossing and other cases, and if the former have been placed in a class by themselves it must have been done by some other decision. No authority is cited in *Hathaway* v. *Toledo, etc., R. Co., supra,* to this proposition. It is believed to have been the initial case upon the subject in Indiana.

The importance of these considerations is found in the fact that the case cited is not only the leading one upon the subject, but that it expresses the reason for the presumption as declared in all subsequent decisions, of which there are many. Whenever in the Indiana cases the statement is found "that the fault was *prima facie* his own," or "that the law presumes that his injuries were brought about by his own negligence," or kindred expressions, as applied to one injured by collision with a railway train at a highway, the authority cited in support thereof will be found to be *Hathaway* v. *Toledo, etc., R. Co., supra,* or some case or cases in turn based upon it. The reason of the presumption as stated in the Hathaway case is repeated and approved by the Supreme Court in *Baltimore, etc., R. Co.* v. *Young,* 153 Ind. 163-171, and must therefore be taken as the reason of the declaration as made in the intermediate cases. It is to be noted also in the cases that the state-

ment of the presumption of *prima facie* negligence is invariably associated with the further statement that "before he can recover * * * he must affirmatively establish his own freedom from contributory negligence."

In the federal courts contributory negligence is matter of defense. The attitude of these courts upon the question under consideration can not be more clearly expressed than by the following extract from a recent opinion prepared by Justice Harlan: "One of the assignments of error relates to the refusal of the court to give the following special instructions asked by the defendant: 'You are instructed that it is the duty of an employe or any other party, about to cross a railroad track, to look and listen for passing engines, cars, or trains, to ascertain whether or not same are approaching, before going upon the track, and if the party fails to exercise such care, he can not recover. You are therefore instructed that if the deceased L. D. Gentry, by looking or listening, could have known of the approach of the engine and car and in time to have kept off the track and prevented the injury to himself, and that he failed to do so, you will find for the defendant.' * * * But the present case did not admit of or require an instruction upon this special subject. There was no evidence upon which to rest such an instruction. As already stated, no one personally witnessed the crossing of the track by the deceased, nor the running of the flat-car over him. Whether he did or did not stop, and look and listen for approaching trains, the jury could not tell from the evidence. The presumption is that he did; and if the court had given the special instructions asked, it would have been necessary to accompany it with the statement that there was no evidence upon the point, and that the law presumed that the deceased did look and listen for coming trains before crossing the track. In *Continental Improv. Co.* v. *Stead,* 95 U. S. 161, 164, 24 L. Ed. 403, 405, the court, speaking by Mr. Justice Bradley upon the subject of the relative rights and duties

of a railroad company and the owner of a vehicle crossing its track, said: 'Those who are crossing a railroad track are bound to exercise ordinary care and diligence to ascertain whether a train is approaching. They have, indeed, the greatest incentives to caution, for their lives are in imminent danger if collision happen; and hence it will not be presumed, without evidence, that they do not exercise proper care.'" *Texas, etc., R. Co.* v. *Gentry,* 163 U. S. 353, 41 L. Ed. 186, 16 Sup. Ct. 1104. Or by the following: "There was no error in instructing the jury that, in the absence of evidence to the contrary, there was a presumption that the deceased stopped, looked, and listened. * * * The presumption is founded on a law of nature. We know of no more universal instinct than that of self-preservation —none that so insistently urges to care against injury. It has its motives to exercise in the fear of pain, maiming, and death. There are few presumptions based on human feelings or experience that have surer foundation than that expressed in the instruction objected to. But, notwithstanding the incentives to the contrary, men are sometimes inattentive, careless, or reckless of danger. These the law does not excuse nor does it distinguish between the degrees of negligence." *Baltimore, etc., R. Co.* v. *Landrigan,* 191 U. S. 461, 24 Sup. Ct. 137, 140, 48 L. Ed. 262; *Baltimore, etc., R. Co.* v. *Griffith,* 159 U. S. 603, 16 Sup. Ct. 105, 40 L. Ed. 274; *Thomas* v. *Delaware, etc., R. Co.,* 8 Fed. 729; *Chesapeake, etc., R. Co.* v. *Steele,* 84 Fed. 93, 29 C. C. A. 81.

The courts of the following states hold that there is no presumption of contributory negligence in such case as the one presented: *Schum* v. *Pennsylvania R. Co.,* 107 Pa. St. 8, 52 Am. Rep. 468; *Pennsylvania R. Co.* v. *Weber,* 76 Pa. St. 157, 18 Am. Rep. 407; *Lyman* v. *Boston, etc., Railroad,* 66 N. H. 200, 20 Atl. 976, 11 L. R. A. 364; *Nutter* v. *Boston, etc., Railroad,* 60 N. H. 483; *Mynning* v. *Detroit, etc., R. Co.,* 64 Mich. 93, 31 N. W. 147, 8 Am.

St. 804; *Haas* v. *Grand Rapids, etc., R. Co.,* 47 Mich. 401, 11 N. W. 216; *McBride* v. *Northern Pac. R. Co.,* 19 Ore. 64, 23 Pac. 814; *Phillips* v. *Milwaukee, etc., R. Co.,* 77 Wis. 349, 46 N. W. 543, 9 L. R. A. 521; *Duame* v. *Chicago, etc., R. Co.,* 72 Wis. 523, 40 N. W. 394, 7 Am. St. 879; *Cassidy* v. *Angell,* 12 R. I. 447, 34 Am. Rep. 690; *Fugler* v. *Bothe,* 43 Mo. App. 44, 55; *Schlereth* v. *Missouri Pac. R. Co.,* 96 Mo. 509, 10 S. W. 66; *McQuilken* v. *Central Pac. R. Co.,* 50 Cal. 7; *MacDougall* v. *Central R. Co.,* 63 Cal. 431; *Hendrickson* v. *Great Northern R. Co.,* 49 Minn. 245, 51 N. W. 1044, 32 Am. St. 540, 16 L. R. A. 261; *Copley* v. *New Haven, etc., Co.,* 136 Mass. 6-9; *Mayo* v. *Boston, etc., Railroad,* 104 Mass. 137; *Bonnell* v. *Delaware, etc., R. Co.,* 39 N. J. L. 189; *Northern Cent. R. Co.* v. *State,* 31 Md. 357, 100 Am. Dec. 69; *Norton* v. *North Carolina R. Co.,* 122 N. C. 910-928, 29 S. E. 886.

There is no basis upon which to build a presumption of contributory negligence in such a case except it be (1) from the fact that the accident occurred; (2) from the fact that in a large number of other instances persons in the exercise of due care have passed over railway tracks in safety. That no presumption of negligence arises from the occurrence of an accident and the infliction of injury has been frequently decided in this State. *Louisville, etc., R. Co.* v. *Crunk,* 119 Ind. 542, 12 Am. St. 443; *Ohio, etc., R. Co.* v. *Collarn,* 73 Ind. 261, 38 Am. Rep. 134; *Evansville, etc., R. Co.* v. *Duncan,* 28 Ind. 441, 447, 92 Am. Dec. 322; *Jeffersonville, etc., R. Co.* v. *Hendricks,* 41 Ind. 48; *Pennsylvania Co.* v. *Long,* 94 Ind. 250; *Town of Albion* v. *Hetrick,* 90 Ind. 545, 46 Am. Rep. 230.

There is no greater reason for presuming negligence against one party than against another. Evidence of similar occurrences at different times is not admissible for the purpose of establishing defendant's negligence. *Chicago, etc., R. Co.* v. *Lee,* 17 Ind. App. 215, 222; *Chicago, etc., R. Co.* v. *Hodge,* 55 Ill. App. 166; *First Nat. Bank* v.

*Ocean Nat. Bank,* 60 N. Y. 278, 19 Am. Rep. 181; 21 Am. & Eng. Ency. Law (2d ed.), 518, and cases cited. It would not be entirely reasonable for the court to raise presumptions from the assumed existence of facts, the proof of which it would not permit to be made.

The decision of this case is limited by the facts presented. These are that the injury occurred at a crossing, and that the defendant was negligent in connection therewith. The character of the crossing and the circumstances surrounding the injury are not shown. If they are such as to require an inference of contributory negligence, such inference can be drawn after they are disclosed, but the burden of exhibiting them was upon the appellant.

Of course nothing that has been said has any relation to the presumption that a man with good eyes and ears can see an approaching train of cars if he looks toward it, and can hear the noise made by it if he listens, in the absence of some peculiar condition.

The opinion heretofore rendered is adhered to, and the petition for a rehearing overruled.