JAMES NICHOLS, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellee.

**Railways:** NEGLIGENCE: SOUNDING THE WHISTLE. A railway company is not guilty of negligence under the statute because of a failure to sound the train whistle on approaching a private crossing; nor is the same negligence *per se* at common law.

*Appeal from Iowa District Court.*— HON. O. A. BYINGTON, Judge.

WEDNESDAY, OCTOBER 19, 1904.

ACTION at law to recover the value of a horse alleged to have been killed by collision with defendant's train

through the negligence of the trainmen. There was a directed verdict for the defendant, and plaintiff appeals.— *Affirmed.*

*J. T. Beem,* for appellant.

*J. C. Cook, H. Lewis,* and *C. E. Vance,* for appellee.

WEAVER, J.— The defendant's railroad crosses the plaintiff's farm between his dwelling house and a highway on the east. A lane or private road, about twenty-five to thirty rods in length, extends from the house to the highway. The crossing over the railroad track was formerly closed by gates, which were afterwards removed and an open crossing substituted at the plaintiff's request. On the evening of the day when the alleged accident occurred the plaintiff turned his horse out of the barn to drink at the tank or watering place in the yard. The entrance to the lane does not seem to have been closed, and when plaintiff sought to recapture the horse it ran down the lane in the direction of the crossing. Plaintiff did not pursue the animal, because it was its habit under such circumstances to return to the barn. It did not return, and plaintiff made no further attempt to find it, and knew nothing of its whereabouts until the following morning, when its dead body was discovered at or near the private crossing. There is no evidence in the record as to the distance of the body from the rails, or of bruises or wounds upon the body, or other indications that the horse came to its death by collision with the train, except as that fact may be inferred from the finding of the body in the vicinity of the crossing. The specific negligence alleged is that the defendant's employes, in charge of a certain passenger train moving northward about eight o'clock in the evening, neglected and failed to sound the engine whistle or ring the bell at least sixty rods before reaching the plaintiff's crossing, and thereby brought about the collision in which the horse was killed. No other act is com-

plained of, and, if defendant is chargeable with negligence in respect thereto, it must be because it omitted a statutory duty in failing to give the signals, or that such omission was a breach of its common-law duty to exercise reasonable care in the operation of the train.

Code, section 2072, provides that in moving a railway train the engine " whistle shall be twice sharply sounded at least sixty rods before any road crossing is reached, and after the sounding of the whistle the bell shall be rung continuously until the crossing is passed." It is the theory of the appellant that the words " any road crossing," as used in this statute, include private crossings like the one at which the collision occurred, and that defendant's failure to give the signals was negligence as a matter of law. But this interpretation of the statute cannot be approved. Code, section 48, chapter 5, provides that " the term ' road,' as used in this Code, means any public highway, unless otherwise specified." It is not " otherwise specified " in section 2072, and we must therefore assume that the Legislature used the word intending it to be understood in the sense thus authoritatively declared. The defendant is therefore not chargeable with negligence because of failure to obey any statutory rules requiring signals for the plaintiff's private crossing.

Neither is there any rule of common law which makes it negligence *per se* to omit the signals. The company is bound to exercise reasonable care in the operation of its trains to avoid injury to persons and animals at all crossings, private as well as public; and if by reason of peculiar or extraordinary circumstances surrounding a crossing, and known to the trainmen, ordinary prudence would require an alarm or signal to be given by an approaching train, then its omission would be negligence, but in the absence of such circumstances no such duty arises. The record before us is entirely barren of any fact or suggestion which would

justify the jury in finding there was any omission of reasonable care in this respect.

Some reference is made to the fact that there is a public crossing some sixty rods south of the private crossing, and as we understand the record it is said in evidence that the engine which is supposed to have struck the horse did not signal its approach to either. The petition does not charge any negligence in failing to signal for the public crossing, and it is unnecessary for us to consider what may have been the rights of the parties, had such an allegation been made.

In view of the conclusions above stated, we do not attempt to pass upon the sufficiency of defendant's showing that the herd law was in force in Iowa county at the time of the accident, or, if in force, what effect it would have upon plaintiff's right to recover damages.

There was no evidence upon which the jury would have been justified in finding the defendant guilty of the negligence charged in the petition, and the judgment of the district court is *affirmed.*