NOAH RESSLER, as Administrator of the Estate of CLYDE RESSLER, Deceased, Appellee, v. THE WABASH RAILROAD COMPANY, Appellant.

**Railroads:** PRIVATE CROSSINGS: RIGHTS OF PARTIES: NEGLIGENCE. A farmer having a private railway crossing to which he has a statutory right is not to be classed as a trespasser in using the same; but he has the same rights in the use thereof that the railway company has to use its track across his private way, subject only to the precedence accorded heavily loaded and rapidly moving trains when both parties are approaching the crossing at the same time. So that trainmen on approaching a private crossing are not only required to use proper care to stop the train after discovering the peril of one upon the crossing, but they are presumed to know of the existence of the same and of its ordinary use, when the farm is occupied and cultivated, and are required to keep a lookout and to anticipate the possible presence of persons rightfully thereon to avoid injuring them, and what is reasonable care under the circumstances is for the jury. In this action for the death of a child on a private crossing the defendants alleged negligence was properly submitted to the jury under correct instructions.

**Same:** RATE OF SPEED: EVIDENCE. On the question of whether an engineer was negligent in failing to stop his train as quickly as possible, the rate of speed at which the train was moving was admissible. And upon the question of speed a witness is not required to possess a high degree of expert knowledge.

*Appeal from Appanoose District Court.*—HON. C. W. VERMILLION, Judge.

FRIDAY, OCTOBER 20, 1911.

Action to recover damages for the death of Clyde Ressler, a child of about two years of age, under circumstances stated in the opinion. There was a verdict and judgment ·for the plaintiff, and defendant appeals. *Affirmed.*

*J. L. Minnis* and *Valentine & Fee*, for appellant.

*Porter & Greenleaf*, for appellee.

Weaver, J.—The deceased child lived with its parents upon a farm of two hundred and forty acres in Appanoose county. The defendant's line of railway crosses the farm from northwest to southeast in such manner as to leave the buildings and about twenty acres of land on the east side of the track, and the remainder of the premises on the west side. The farmhouse stands within a few feet of the defendant's right of way. The well from which the live stock on the farm is watered is on the westerly side of the track, and the milking is there done. Immediately adjoining the yard inclosing the house is a barnyard, from which a private crossing at grade has been constructed over the track. At the time of the accident this crossing was protected by gates and fences. Looking from this point to the northwest, the track follows a straight line for a distance of several thousand feet. Five hundred feet to the northwest of the private crossing is a public crossing. The train causing the injury was a freight moving from the northwest. It was a light train of about sixteen cars. When about seven hundred feet from the private crossing, the engineer saw some object or thing on the track or close to the easterly rail, but did not recognize it as a child until he reached the public crossing. Then, according to his showing, all his efforts to stop the train in time to avoid a collision were unavailing, and the child was struck by the locomotive and instantly killed.

The plaintiff charges the defendant with negligence in failing to exercise reasonable care in the management of the train, in failing to keep a proper lookout in approaching the crossing to discover the child, or to sound the proper signals of warning, or to stop the train in time to avoid the collision. Upon these issues there was a trial to a jury, and verdict and judgment for the plaintiff.

I. Bearing upon the question of alleged negligence, the trial court instructed the jury as follows:

If you find by the greater weight or preponderance of the evidence that the deceased child at the time he was struck, or just prior thereto, was on the railroad track and between the cattle guards of the private crossing, and further find that on account of the location, situation, or surroundings of the private crossing, such as its proximity to plaintiff's residence or the frequency of its necessary use by members of plaintiff's family, or others using the same in the operation of the farm, the exercise of ordinary care required that defendant's employees operating its engine should on approaching the same have kept a lookout for persons rightfully using said crossing, and further so find that said employees failed to exercise ordinary care to do so, and thereby failed to discover the deceased on said track in time to stop the train or to avoid the accident, such failure would be negligence for which defendant would be liable, and, if you find that such negligence was the cause of the accident, your verdict should be for the plaintiff.

This proposition was stated in different forms in other instructions. Stating the rule negatively, the court also said that if the jury did not find that by reason of the location of the crossing or its situation and surroundings ordinary care required the trainmen to keep any lookout as they approached the crossing, then negligence could not be predicated upon a failure so to do, and the company would be only liable, if at all, for a failure of the engineer to exercise proper care to stop the train after discovering

1. RAILROADS: private crossings: rights of parties: negligence.

the child's peril. The jury were still further told that if the child when discovered by the engineer was on the cattle guards, or on the track elsewhere than on the crossing, then it was a trespasser, and the defendant was under no duty towards it, except to make all reasonable effort to avoid the collision after discovering the danger. The correctness of these statements of law as applied to the case is challenged by defendant, who insists that a farm owner and members of his household in using a private crossing are merely licensees, as to whom the railway company is as a matter of law under no duty to keep any lookout, and its only obligation is to avoid injuring them when it discovers their peril in time so to do. In other words, we are asked to hold that a farmer in using a private crossing to which he has a statutory right is to be legally classed with a trespasser, who without color of right intrudes himself on a railroad right of way or with one who enters upon the track by mere sufferance which may at any time be denied him or withdrawn by the company. The unsoundness, to say nothing of the injustice of such a ruling, would seem too evident to require argument for its refutation.

The landowner does not hold his private crossing by the mere consent, license, or sufferance of the railway company. Nor is his right to its use dependent merely upon any invitation, express or implied, extended by the company. It is a right which is guaranteed to him by the statute. He has as much right to use his private way across the company's track as the company has to use its track across his private way, subject, of course, to the precedence which the heavy and rapidly moving trains of the railway may require when both parties approach the crossing at the same time. *Thomas v. Railroad Co.* (C. C.), 8 Fed. 729. If, then, both the railway company and the landowner may rightfully occupy and use the crossing for its designed purposes, it follows of necessity under familiar principles that each party must exercise that right

with reasonable regard to the coexistent right of the other. What reasonable care requires of either in any given instance depends upon the circumstances which surround and characterize it.

If a private crossing has been established and is being maintained, the railway company and its engineers must be presumed to know that fact. They know, also, that in the ordinary cultivation, use, and enjoyment of the farm such crossing will be occupied by the owner, his family, and his employees in passing between the tracts separated by the railway, and such occupancy will be more or less frequent according to the location of the crossing, the manner in which the land is divided, and the particular uses made of it. Under some circumstances, the danger to be reasonably apprehended by collision or accident may be very slight, and in others very great.

It is not within the province of the court to prescribe as a matter of law what particular acts of caution shall be observed, but it may direct the jury that if in its judgment, in view of all the matters adduced in evidence, reasonable care requires the enginemen in charge of a train to anticipate the possibility of collision with persons rightfully using the crossing and to keep a lookout in approaching it in order to avoid such accident, then the omission so to do will be negligence.

This point was expressly considered in *Morris v. Railroad Co.*, 24 N. Y. Wkly. Dig. 160, where the court says that the mere fact that a private crossing exists does not of itself cast upon the company the duty to sound a signal of the approach of a train or to reduce its speed; yet it is under obligation to the landowner not to unnecessarily subject him or his property to injury on such crossing, and to that end its employees engaged in running its trains have the duty of continuous observance of the situation in advance, that no needless injury may be done. A very similar rule has been observed in leading cases where the

right to use the crossing is traceable to the invitation or license, express or implied, extended by the railway company, a condition much less favorable to the injured person than we have in the instant case. *Sweeny v. Railroad Co.*, 10 Allen (Mass.), 368 (87 Am. Dec. 644); *O'Connor v. Railroad Co.*, 135 Mass., 352; *Czech v. Railroad Co.*, 68 Minn. 38 (70 N. W. 791, 38 L. R. A. 302, 64 Am. St. Rep., 452); *Connell v. Railroad Co.* (Ky.), 58 S. W. 374. This rule we have suggested is also impliedly sustained by our recent case. *Nichols v. Railroad Co.*, 125 Iowa, 236.

Such being our view, we have to say that the charge of the court to the jury was as favorable to the defendant as appellant could rightfully ask, and there was no error in sending the question of appellant's alleged negligence to the jury. The case of *Rutherford v. Railroad Co.*, 142 Iowa, 744, on which appellant relies, is not in point. The plaintiff there was not injured upon a crossing, and the substance of the decision was that he was none the less a trespasser or mere licensee simply because he entered upon the right of way at an open private crossing. The trial court carefully charged the jury in this case in accordance with the rule laid down in the precedent here referred to.

It is true that in that case and in some other authorities language is used to the effect that the duty incumbent upon a railway company with respect to private crossings differs somewhat from that which it is required to observe concerning public crossings, and this is undoubtedly correct, but no court has ever said such company is not as a matter of law charged with any duty towards those who rightfully use them, except to avoid running them down when discovered in time to avoid it.

Our conclusion that the court did not err to defendant's prejudice in its instructions upon the question of negligence is controlling upon most of the other exceptions argued by counsel, and they must also be overruled.

II. Some complaint is made of the admission of evidence as to the speed of the train which killed the child and the competency of witnesses called upon that proposition. Neither objection is well taken. The issues involved the question whether the engineer stopped the train as quickly as he might have done, and upon this, if upon no other feature of the case, the speed of the train could properly be considered.

2. SAME: rate of speed: evidence.

Moreover, the matter inquired about was not one upon which the witness was required to show a high degree of expert knowledge before being allowed to testify.

We find no error in the record, and the judgment of the district court is *affirmed*.