JAMES CONATY *vs.* NEW YORK, NEW HAVEN, AND HART-
FORD RAILROAD COMPANY.

Bristol.    October 31, 1895. — November 27, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Personal Injuries — Invitation to cross Railroad Track — Due Care —
Negligence — Law and Fact.*

In an action for personal injuries occasioned to the plaintiff by being struck by a
locomotive engine at a crossing, the jury may well find that the plaintiff, who
had waited for several minutes in front of the closed gates, while several trains
passed in each direction, had a right to consider the raising of the gates one half
or three quarters of the way up as an indication that the crossing was free ; and
as, when he started to cross, he did not omit to look for approaching trains, and
another team crossed in safety after the gates began to rise and before the
plaintiff was struck, it cannot be said as matter of law that he was negligent.

TORT, for personal injuries occasioned to the plaintiff while
crossing the defendant's tracks in Taunton, by a collision be-
tween the horse and tip cart driven by the plaintiff, and a loco-
motive engine of the defendant.

At the trial in the Superior Court, before *Hammond*, J., the
jury returned a verdict for the plaintiff ; and the defendant
alleged exceptions. The facts appear in the opinion.

*E. H. Bennett & F. S. Hall*, for the defendant.

*J. P. Lyons*, for the plaintiff.

BARKER, J. At the crossing there were four parallel railroad
tracks, and on the one nearest the plaintiff several high cars were
standing on the north or left hand side of the street, obstruct-
ing the view of the other tracks in that direction. The plaintiff
found the gates down when he reached the crossing, and waited
about three minutes, sitting on his cart ten or twelve feet from
the gates on the northerly half or left hand side of the street.
While he was waiting he saw two or three trains pass in each
direction. After these trains had passed, the gate tender raised
the gates one half or three quarters of the way up, and the plain-
tiff then started to cross, looking down the railroad south as soon
as he reached the most westerly track, and then turning his head

to look north, when he was immediately struck by an engine coming from the north, and which when he started was hidden from him by the cars standing on the westerly track.

The plaintiff's position with reference to the centre line of the street is immaterial, as the law of the road applies only to persons meeting or passing with vehicles.  Pub. Sts. c. 93, §§ 1, 2. A person who is about to cross a railroad is not under all circumstances obliged to stop to look and listen.  *Clark* v. *Boston & Maine Railroad, ante,* 434.  Acts of a gateman or signalman which tend to mislead a traveller into the belief that he may cross with safety, and invitations express or implied, are to be taken into account in determining whether an attempt to cross is negligent.  *Warren* v. *Fitchburg Railroad,* 8 Allen, 227, 231.  *Sweeny* v. *Old Colony & Newport Railroad,* 10 Allen, 368, 377.  *Bayley* v. *Eastern Railroad,* 125 Mass. 62.  *Johanson* v. *Boston & Maine Railroad,* 153 Mass. 57.  *Merrigan* v. *Boston & Albany Railroad,* 154 Mass. 189.  *Livermore* v. *Fitchburg Railroad,* 163 Mass. 132.  *Clark* v. *Boston & Maine Railroad, ubi supra.*  The plaintiff had waited for several minutes in front of the closed gates, while several trains passed in each direction, and the jury might well find that he had a right to consider the raising of the gates as an indication that the crossing was free.  When he started to cross, he did not omit to look for approaching trains.  Another team crossed in safety after the gates began to rise, and before the plaintiff was struck.  It cannot be said as matter of law that the attempt to cross the tracks under such circumstances was negligent.

*Exceptions overruled.*