## THE BALTIMORE & OHIO SOUTHWESTERN RAILWAY COMPANY v. YOUNG.

[No. 18,403.   Filed October 3, 1899.]

PLEADING.—*Complaint.*—*Personal Injury of Traveler at Railroad and Highway Crossing.*—*Wilfulness.*—In an action against a railroad company for personal injuries sustained by plaintiff at a railroad and highway crossing, an allegation in the complaint that plaintiff's team was seen by the fireman when the locomotive was 400 feet distant therefrom, and that the fireman thereupon notified the engineer, who could have stopped the train by reversing the engine, but failed to do so, does not amount to a charge of wilfulness.   *pp. 164, 165.*

RAILROADS.—*Injury of Traveler at Crossing.*—*Failure to Give Statutory Signals.*—*Proximate Cause.*—Where the situation of a railroad and highway crossing is such that the driver of a team drawing a wagon could not see an approaching train until he had reached the crossing, but that before reaching the crossing he stopped the team and listened for a train, and, not hearing any, proceeded to cross, and was injured by reason of a collision of his wagon with a passing train the engineer of which had failed to give the statutory signals, the failure to give such signals was the proximate cause of the injury.   *pp. 165-167.*

SAME.—*Negligence.*—*Proximate Cause.*—*Incomplete Instruction.*—In an action against a railroad company for negligence, an instruction that plaintiff must prove "damage to plaintiff proximately caused by plaintiff's injury," if incomplete for failure to limit the damages to be recovered to such as may have resulted "from the matters alleged in the complaint," is not reversible error, where no modification of the instruction was asked by the defendant.   *pp. 168, 169.*

SAME.—*Injury of Traveler at Crossing.*—*Failure to Give Statutory Signals.*—*Instruction.*—In an action against a railroad company for personal injuries sustained by plaintiff, an instruction that the failure of those in charge of the locomotive "to give the statutory signals on approaching a crossing constitutes negligence, and if, on account thereof, injury comes to a highway traveler at such crossing, who is free from fault or negligence, it is sufficient to charge such company with negligence," is proper, and is not equivalent to instructing the jury that such proof is conclusive on the question of negligence.   *pp. 169, 170.*

SAME.—*Personal Injuries.*—*Contributory Negligence.*—*Instruction.*—Where, on the trial of an action against a railroad company for personal injuries caused by the alleged negligence of the company, it is

sought to be shown that plaintiff was guilty of contributory negligence, it is proper in an instruction to define contributory negligence "as such negligence on the part of the plaintiff as helped to produce the injuries complained of." *p. 170.*

RAILROADS.—*Traveler at Crossing Must Look and Listen.*—*Instruction.* —In an action against a railroad company to recover damages received at a crossing, an instruction that no failure on the part of defendant to do its duty would excuse plaintiff from using his senses of sight and hearing was sufficient without using the words, "make complete use of his senses of sight and hearing." *pp. 170, 171.*

INSTRUCTIONS.—*Refusal to Give.*—The refusal of the court to give an instruction is not error, where the instruction offered was, in substance, given by the court on its own motion. *p. 171.*

From the Sullivan Circuit Court.    *Affirmed.*

*W. R. Gardiner, W. H. DeWolf, J. T. Hays* and *E. W. Strong,* for appellant.

*G. G. Reily* and *J. W. Emison,* for appellee.

DOWLING, J.—This is an action for damages alleged to have been sustained by appellee by reason of a collision, at a road crossing, between a train on appellant's road and a wagon and team driven by appellee.

Upon a former appeal by the railway company, the judgment of the Sullivan Circuit Court in this case was reversed because of the insufficiency of the complaint. *Baltimore, etc., R. Co.* v. *Young,* 146 Ind. 374.

An amended complaint was filed, and, upon a second trial there was a verdict for appellee.    A remittitur for a portion of the damages assessed having been entered, the court rendered judgment against the railway company for the residue, and from that judgment this appeal was taken.

The overruling of a motion to paragraph the first paragraph of the complaint as amended, the overruling of demurrers to each paragraph of the complaint, and the refusal of the court to grant a new trial, are the errors assigned.

The ground of the motion to separate the first paragraph of the complaint into paragraphs was that, in addition to the charge of negligence, that paragraph contained the averment

that the appellee's team was seen at the road crossing by the fireman on the engine when the locomotive and train were 400 feet distant therefrom; that the fireman thereupon notified the engineer, who could have stopped the train by reversing the engine, but that the engineer failed to stop the train or to check its speed, and continued to run it at the rate of eighty miles an hour, until it struck and injured the plaintiff.

We think the motion to paragraph was properly overruled. The allegations as to the discovery of appellee's team by the fireman, and the failure of the engineer to check the speed of the train, or to stop it, after notice that the team was near to or upon the road crossing, did not amount to a charge of a wilful injury, but were averments of negligence only. *Cincinnati, etc., R. Co.* v. *Eaton*, 53 Ind. 307; *Gregory* v. *Cleveland, etc., R. Co.*, 112 Ind. 385; *Parker* v. *Pennsylvania Co.*, 134 Ind. 673; *Lake Erie, etc., R. Co.* v. *Brafford*, 15 Ind. App. 655; *Pennsylvania Co.* v. *Smith*, 98 Ind. 42.

In support of the errors assigned upon the overruling of the demurrers to the complaint, it is urged that it does not appear from the averments of either paragraph that the negligence of the appellant was the proximate cause of the injury to appellee.

So much of the complaint as it is necessary to consider in this connection is, in substance, as follows: A public highway, used for many years, extended eastward from the city of Vincennes, and, at a distance of about two miles from said city, was crossed by the railroad of defendant upon an embankment upwards of ten feet high; a fence and cattle-guard upon one side of the highway, and a ditch and cattle-guard on the other, reduced the width of the highway, at and near its intersection with the railroad, to such an extent that there was not room to turn a wagon drawn by two horses. The situation at the crossing was such, and the view was so obstructed, that a traveler in a wagon going

eastward on said highway could not see a train on said railroad moving westward, until he reached the crossing, and from that point the approaching locomotive and train could not be seen when more than 200 feet distant. Appellee had traveled upon the highway many years, and was familiar with the signals given by passing trains upon said railroad at the crossing, by sounding the whistle and ringing the bell of the locomotive at a point 100 rods distant from said crossing. On the day of the accident, appellee was returning from the city of Vincennes to his home in a two-horse wagon drawn by a pair of gentle horses; he was a skilful and prudent driver, and was sitting on an elevated seat in the front end of the wagon. His position afforded him as good a view of the railroad as its situation and surroundings at that point would permit. His sight and hearing were good. For the last quarter of a mile he approached said crossing at a slow gait, and looked and listened constantly for trains going in either direction on said railroad. When within thirty-five feet of said railroad, he stopped his team, stood up in his wagon, and looked up and down said railroad, but no train could be seen or heard, nor any sound or signal thereof. No whistle was sounded nor bell rung at or before he stopped or while he was so stopping and listening. On account of a curve in said railroad, and a deep cut in which the same was situated, and because of the obstruction of the view by the ice house, an approaching train could not be seen east of the crossing nearer [further] than 400 feet. As nothing indicated the approach of a train, the plaintiff started across the track, and at that moment a wild passenger train, coming from the east, appeared in sight not more than 200 feet distant, running down a steep grade at the rate of eighty miles an hour, and then for the first time the locomotive whistle was sounded, and the bell rung. Plaintiff could not stop his team and turn around for want of time and room, nor could he back it, and his only chance of escape was by proceeding across said track, which he attempted to do. His

wagon was overtaken and struck by the locomotive before he could get out of the way, and plaintiff was thrown out and injured. The complaint alleges that the plaintiff was without fault.

In addition to these allegations, it is stated in the first paragraph of the complaint that the appellee's team when on the crossing was discovered by the fireman on the locomotive, and that he called the attention of the engineer to it, but that the engineer failed to stop, or check the speed of the train, although he could have done so, and thereby averted the collision.

In our opinion, each of these paragraphs states a good cause of action. The circumstances which rendered the crossing a dangerous one are minutely described, and it appears that the appellee, before entering upon it, exercised more than ordinary care. Assuming, as we must do, in considering the demurrers, that the facts set out are true, the accident must be attributed to the failure of the appellant's servants to give the proper signals of the approach of the train to the crossing. In view of the situation of the railroad track, the curve, the deep cut, the houses, the trees, and the embankment which obstructed the view from the crossing, the heavy grade, and the speed of the train, even in the absence of a statute, ordinary care required that warning should be given to travelers upon the highway of the approach of the train. Perhaps the speed of the train should have been slackened also. *Ziegler* v. *Railroad Co.*, 5 S. C. 221; Patterson's R. Acc. Law 158. The statute expressly imposed this duty on appellant, and it appears very clearly, as we think, that if these signals had been given at the proper distance, or at any reasonable distance, the appellee would have escaped injury. The failure to give them must be taken as the proximate cause of the accident, and the averments upon this branch of the case, in connection with the other facts alleged, sufficiently showed that the appellant was guilty of an actionable wrong,

that the appellee was injured thereby, and that the appellee was without fault. The demurrers to the first and second paragraphs of the complaint were therefore properly overruled.

The last error assigned is that the court erred in overruling the motion for a new trial.

The first seven reasons assigned for a new trial relate to the admission and exclusion of evidence by the court over the exceptions of the appellant. Counsel say in their brief: "While we do not regard these rulings as very important in the decision of the case, we do not wish to be considered as waiving them." An examination of all the evidence so admitted and excluded satisfies us that no prejudicial error was committed by the court in any of these rulings. None of the facts involved in this inquiry was of a controlling character, and we think the court properly decided the questions as to the admissibility of each item of the evidence.

The eighth and ninth reasons for a new trial assail the action of the court in giving and in refusing to give instructions.

The objection to the fourth instruction given by the court is thus stated in the brief for appellant: "This instruction is incomplete, as the court should have informed the jury that the damages to the plaintiff resulting from, or by reason of, the matters complained of, were the direct and proximate result of the negligence of the defendant, as charged in the complaint. This addition would have made the instruction complete, but, in the form as given, it is unfair, and too much is left to conjecture."

The fourth instruction, to which this objection was made, was as follows: "The facts necessary to be established by plaintiff by a preponderance of all the evidence, to entitle him to recover, are, first, negligence on the part of the defendant in the matter complained of; second, plaintiff's freedom from fault or negligence in the matter complained of; and, third, *damage to the plaintiff proximately caused* by

the defendant's negligence; and a failure to establish any of these by a preponderance of all the evidence will preclude a recovery."

The language adopted by the court expresses the rule much more correctly than the phraseology proposed by counsel. If the court had informed the jury, as counsel insist it should have done, "that the damages to the plaintiff, from or by reason of the matters complained of, were the direct and proximate result of the negligence of the defendant as charged in the complaint," the instruction in this form would have been objectionable, because it purported to state a fact in the case instead of a proposition of law. But if the objection is understood to mean that the jury should have been informed that the plaintiff could not recover, unless the damages to the plaintiff resulting from the matters complained of were the direct and proximate result of the negligence of the defendant as charged in the complaint, then, we do not perceive that this form of expression states the law any more accurately than that used by the trial court. The instruction as given is sanctioned by the authority of many cases. *Lake Erie, etc., R. Co.* v. *Stick,* 143 Ind. 449; *Kauffman* v. *Cleveland, etc., R. Co.,* 144 Ind. 456; *Pittsburgh, etc., R. Co.* v. *Fraze,* 150 Ind. 576; *Pennsylvania Co.* v. *Congdon,* 134 Ind. 226, 39 Am. St. 251.

But if the instruction given was, as is alleged by appellant's counsel, incomplete, the appellant should have asked the court to modify it.

It is objected, in the next place, that the eighth instruction was erroneous, because it lays down the proposition that proof of the failure of the persons in charge of the locomotive to give the statutory signals of the approach of the train to the road crossing is conclusive upon the question of negligence on the part of the company. The court did not say that such proof was *conclusive.* The rule was thus stated: "A failure on its part to fully perform such duty constitutes negligence, and if, on account of such negligence, injury

came to a highway traveler at such a crossing, who is free from fault or negligence, it is sufficient to charge such company with negligence."

It has been held, however, that when signals required by a municipal ordinance to be given at street crossings on the approach of a train are not given, and an injury results from such failure, proof of this fact is conclusive upon the question of negligence on the part of the railroad company. *Louisville, etc., R. Co.* v. *Davis,* 7 Ind. App. 222.

It has also been held by this court, that, if the statutory signals of the approach of a train toward a highway crossing are not given, the railroad company will be liable for the damages caused to person or property by a failure to give such signals, where there is no contributory fault on the part of the injured party. *Pittsburgh, etc., R. Co.* v. *Burton,* 139 Ind. 357; *Baltimore, etc., R. Co.* v. *Conoyer,* 149 Ind. 524.

The eleventh instruction is complained of on the ground that the definition of contributory negligence contained in it is not correct. That instruction is as follows: "Contributory negligence is such negligence on the part of plaintiff as helped to produce the injuries complained of, and if the jury find, from a preponderance of all the evidence in this case, plaintiff was guilty of any negligence that helped to bring about or produce the injuries complained of, then, and in that case, the plaintiff cannot recover in this action."

It will be observed that no attempt is made to state what acts or omissions on the part of the plaintiff would, under the circumstances of this case, constitute contributory negligence. The general statement that contributory negligence is such negligence as helped to produce the injuries complained of includes the idea of both acts and omissions, and is not a misstatement of the law.

Instructions numbered fifteen and seventeen merely restate the substance of other instructions given by the court, and are not erroneous or defective. In the fifteenth, the jury

were told that no failure on the part of the defendant to do its duty would excuse the plaintiff from using his senses of sight and hearing in the manner before indicated in the charge of the court. This was sufficient, and it was not necessary to use the words "make complete use of his senses of sight and hearing," as insisted upon by counsel. There is no contradiction between instruction numbered seventeen and the other instructions given, and it could not have misled the jury in any respect.

We have carefully read all of the instructions tendered by the appellant, and have considered all that is said in the brief of counsel in support of them. We are of the opinion that the instructions given by the court fully and sufficiently stated the law of the case, and that, even where the instructions tendered and refused are correct, they were unnecessary and would not have aided the jury in their deliberations. As to instruction number nine tendered by appellant, it is true that this court held in the case of *Hathaway* v. *Toledo, etc., R. Co.*, 46 Ind. 25 that, "When a person crossing a railroad track is injured by collision with a train, the fault is *prima facie* his own, and he must show affirmatively, that his fault or negligence did not contribute to the injury, before he is entitled to recover for such injury." But the court say, that "this instruction means no more, we think, than that in such cases it must be made to appear by the plaintiff that the injury occurred without blamable negligence on his part, before he can recover." In the present case, the jury were clearly instructed that the plaintiff could not recover unless it was shown that the injury occurred without negligence on his part, and a refusal to repeat this rule of law in the particular form of words requested by the appellant was not error.

Where the law of a case is once fully and fairly stated by the court, mere repetition, in different language, of principles already announced, are more likely to confuse a jury than to aid it, and, unless it is clear that an instruction offered

is applicable to the facts of the case, and essential to a proper understanding of the rights of the party tendering it, it is not error in the trial court to refuse to give it.

An examination of the bill of exceptions satisfies us that, although the testimony was conflicting on many points, there was evidence supporting the verdict, and, under the rule controlling us in such cases, we cannot disturb the judgment of the court below, even when, in the language of counsel for appellant, "there is a vast preponderance of the evidence in favor of" the losing party.

Finding no error in the record, the judgment is affirmed.