OSCAR W. SHAFER v. LEHIGH VALLEY RAILROAD COM-
PANY OF NEW JERSEY.

Submitted March 23, 1907—Decided June 10, 1907.

While open gates are an invitation to cross, they do not excuse a
traveler approaching a railway crossing from looking or listening,
or both, where either would be effective.

On rule to show cause.

Before Justices FORT, HENDRICKSON and PITNEY.

For the rule, *H. Burdett Herr* and *Smith & Gray.*

*Contra, William C. Gebhardt.*

The opinion of the court was delivered by

FORT, J.  In this case but two questions are argued on the
brief as grounds for a new trial, the first being the refusal of
the court to nonsuit.

We think that this refusal was right.

At the point where the plaintiff was injured there were
seven tracks at grade—on either side of the roadway there
were gates.  Those gates were operated by a man in the
tower.  The plaintiff was a baker, and on the morning in
question was crossing the tracks in his baker wagon, and as
he approached the tracks the gates were up.  Three of the
tracks, at the side of the railway from which the plaintiff
approached, were sidings.  The two tracks on the opposite
side of the roadway were the main tracks.  Upon the sidings
there were standing cars to obstruct the view of the plaintiff
from the direction from which the train that hit him came.
The train was going rapidly, concededly at the rate of thirty-
five to forty miles an hour, probably faster.  There were also
distracting dangers at the crossing at the time the plaintiff
was going over, consisting of a drill-engine switching or

handling cars but a short distance away, and which the plaintiff was observing.

Open gates are an invitation to cross.

Although they do not excuse a failure on the part of the traveler either to look or listen, yet open gates, under such circumstances, are clearly evidence of the negligence of the agents of the defendant company, and whether the plaintiff exercised reasonable care and prudence, or that care and prudence which was required of him under the circumstances surrounding him, was a question for the jury. So, in any view, the court rightly refused to nonsuit.

The other ground urged for a new trial is the suggestion that the damages were excessive. The verdict was for $18,000. We think the damages were excessive. The plaintiff was seriously injured, undoubtedly, but whether the serious character of the injury, which still exists, is to obtain for all the life of the plaintiff, is not clear. The earning capacity of the plaintiff was much more than capitalized by the verdict.

This disposition will be made of this case:

The rule to show cause will be discharged unless the plaintiff will consent to remit all damages recovered in excess of $10,000, and, upon the further condition that, if the plaintiff does not consent to thus remit and to this reduction, the defendant may have a new trial upon the condition that it concede liability in the case and consent to go to trial upon the question of the *quantum* of damages only.