## EVANSVILLE AND TERRE HAUTE RAILWAY COMPANY *v.* BERNDT, ADMINISTRATOR.

[No. 21,251.  Filed June 2, 1909.  Rehearing denied October 8, 1909.]

1. PLEADING.—*Complaint.—Negativing Contributory Negligence.*— Under §362 Burns 1908, Acts 1899, p. 58, contributory negligence constitutes a defense, and the plaintiff in an action for personal injuries need not negative same in the complaint.  pp. 700, 702.

2. NEGLIGENCE.—*Contributory.—Questions for Court and Jury.*— The questions of defendant's negligence and plaintiff's contributory negligence, in personal injury cases, are for the jury, unless upon the facts reasonable minds can honestly come to but one conclusion, in which event the questions are for the court.  p. 701.

3. RAILROADS.—*Travelers.—Highways.—Rights in.*—Railroad companies and travelers have equal rights on the public highways, but railroad companies, after giving proper notice of their desire to cross, have the right of precedence.  p. 701.

4. RAILROADS.— *Negligence.— Contributory.—Highway Crossings.*— Accidents at highway crossings ordinarily being the consequence of the actions of the plaintiff and defendant, the questions of defendant's negligence and of plaintiff's contributory negligence are for the jury, neither party having a *prima facie* cause of action or defense, unless it be shown that the proximate cause of the injury was a violation of a statute or ordinance.  p. 701.

5. PLEADING.—*Complaint.—Railroads.—Street Crossings.—Contributory Negligence.*—A complaint alleging that defendant railroad company was required by a city ordinance to maintain gates at a certain street crossing, and to keep such gates closed when there

was danger from approaching trains, that defendant failed to do so, that plaintiff, relying upon the invitation so extended by the open gates attempted to cross, that as a freight-train cleared the crossing on the near track plaintiff attempted to cross the far track when he was struck, and that he had proceeded thereon with due care and caution, does not show that the plaintiff was guilty of contributory negligence.   p. 702.

6.   TRIAL.— *Instructions.— Railroads.— Street Crossings.— Open Gates.—Custom.—*An instruction that if it was defendant railroad company's custom to close its gates upon the approach of a train or cars, and that plaintiff's decedent knowing thereof, and finding such gates open and no warning given, had a right to assume that it was safe to cross the track, properly states the law applicable thereto.   p. 702.

7.   TRIAL.— *Instructions.— Railroads.— Street Crossings.— Open Gates.—Custom.—*An instruction that a pedestrian, knowing of defendant railroad company's custom of closing its gates across the street upon the approach of a train, had a right to assume, where the gates were open, that there was no danger in crossing, and that such pedestrian, being in the exercise of ordinary care, would not be guilty of contributory negligence therein, is correct. p. 703.

8.   TRIAL.—*Instructions.—Contributory Negligence.—*An instruction, in a personal injury case, that if decedent's contributory negligence affirmatively appeared from the evidence, it was immaterial upon whom the burden of proof rested, and the plaintiff could not recover, is not improper.   p. 703.

9.   TRIAL.— *Instructions.— Duplicating.— Incorrect.— Relevancy.—* Instructions requested which duplicate those given, or which are in conflict with correct instructions given, or which are irrelevant, are properly refused.   p. 703.

10.   TRIAL.—*Instructions.—Railroads.—Street Crossings.—Due Care of Travelers.—Failure to Find.—Burden of Proof.—*An instruction, in action for the death of a pedestrian at a street crossing, that if the evidence failed to show that decedent used due care in attempting to cross, the verdict must be for the defendant, is incorrect, the burden of showing the decedent's want of due care being on the defendant.   p. 704.

11.   RAILROADS.— *Pedestrians.— Street Crossing Accidents.— Presumptions.—*In the absence of evidence thereof, there is no presumption of the use of due care by a pedestrian killed by a railroad company upon a street crossing.   p. 705.

12.   TRIAL.— *Instructions.— Railroads.—Negligence.—Contributory. —Want of Evidence.—*An instruction that, in the absence of evidence, there is a presumption that the decedent was in the exercise of due care when killed by a railroad company on a street

crossing, though erroneous, is harmless, where there was no evidence of contributory negligence, the burden of proof of which was on defendant, the plaintiff being entitled under such circumstances to a verdict upon proof of defendant's negligence. p. 705.

13. RAILROADS.— *Street Crossings.—Watchmen.—Ordinances.*—Evidence showing that a city ordinance required the maintenance of gates, and the furnishing of a watchman to guard same, at a certain street crossing, that such ordinance had been complied with for several years, that the plaintiff's decedent attempted to cross the track, that the gates were open, that a freight-train was passing on the near track, that after it passed decedent started to cross the far track, when a train going in the other direction and concealed behind the freight-train, without signal or warning, struck him, inflicting fatal injuries, sustains a verdict for the plaintiff. p. 706.

From Posey Circuit Court; *O. M. Welborn,* Judge.

Action by Henry W. Berndt, as administrator of the estate of Charles C. Berndt, deceased, against the Evansville and Terre Haute Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*John E. Iglehart, Edwin Taylor, E. H. Iglehart* and *G. V. Menzies,* for appellant.

*Edgar Durre, Edward A. Lorch* and *F. E. Monfort,* for appellee.

MONTGOMERY, C. J.—Appellee recovered a judgment for $7,166 against appellant for causing the death of Charles C. Berndt at a grade crossing in the city of Evansville. Errors have been assigned upon the overruling of (1) appellant's demurrer to the complaint, and (2) its motion for a new trial.

The complaint alleged, in substance, that William street in the city of Evansville was used constantly by the public for travel and traffic at a point where it was crossed by a number of appellant's tracks, and that a certain ordinance of the city required appellant to maintain automatic safety gates on each side of its tracks at said street crossing, and to operate the same so as to afford persons using the street full and complete protection against injury, and to cause the same to

be operated by skilful operators, whose duty it was to warn persons approaching the crossing of danger, and to notify them when it was safe to cross the tracks; that on November 30, 1906, appellant maintained, and for a number of years prior thereto had maintained, such gates, and placed the same in charge of a watchman, whose duty it was to close the gates when a train or engine was approaching the crossing, and to open and keep the gates open when there was no danger from approaching trains or engines; that on said date, between the hours of 7 and 8 o'clock p. m., Charles C. Berndt, walking along William street, approached said crossing, and found said gates open and an unobstructed passage over said tracks; that, relying upon appellant's duty in regard to said gates, and believing the open gates were meant to and did indicate that no train or engine was approaching, and that it was safe to pass over the tracks, he proceeded with due care and caution upon the tracks; that thereupon, without regard to his rights, and in violation of the provisions of said ordinance, and without closing said gates or giving any warning or signal, appellant carelessly and negligently ran an engine upon and against said Berndt, knocking him down and injuring him in such manner as to cause his death upon the following day.

The act of 1899 (Acts 1899, p. 58, §362 Burns 1908) changed the rule of pleading and proof with respect to contributory negligence in the class of cases to which

1. this belongs, and imposed the burden of alleging and proving such negligence upon defendants. Appellant's learned counsel insist that in grade-crossing cases a complainant, notwithstanding the statute, must aver and prove freedom from contributory fault, and that this complaint is insufficient because no facts are therein disclosed to excuse the decedent from the exercise of that degree of care and caution which it is claimed the law exacts of a traveler at a railroad crossing. This contention is untenable. The

argument is founded on the claim that the law pre-
2.   sumes a person injured at a grade crossing to have
been guilty of contributory negligence.   Issues joined
upon the subject of negligence are to be determined ordi-
narily as other facts, upon all the evidence and circumstances
of the particular case, and in considering the sufficiency of
both pleadings and proof it is only where, upon a given state
of facts, reasonably fair minds cannot honestly differ in their
conclusions that the question will be determined as a matter
of law.  *Pittsburgh, etc., R. Co.* v. *Seivers* (1904), 162 Ind.
234; *Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144;
*Malott* v. *Hawkins* (1902), 159 Ind. 127; *Young* v. *Citizens
St. R. Co.* (1897), 148 Ind. 54; *Shoner* v. *Pennsylvania Co.*
(1892), 130 Ind. 170, 177; *Mann* v. *Belt R., etc., Co.* (1891),
128 Ind. 138; *Baltimore, etc., R. Co.* v. *Walborn* (1891), 127
Ind. 142; *Rogers* v. *Leyden* (1891), 127 Ind. 50.

The rights of the railroad company and the public to the
use of highway crossings are equal, except that the company
is entitled to precedence in passing upon giving due
3.   notice of its desire and purpose so to do.  A casualty
resulting in the personal injury or death of a traveler
from contact with cars at such place is necessarily occasioned
by the concurrent acts of two parties, and in actions therefor,
by their pleadings each in terms or legal effect charges
4.   the other with negligence contributing to the result.
In such actions neither party has a *prima facie* cause
of action or defense, unless it be shown that the proximate
cause of the injury was the violation of a statute or munici-
pal ordinance, and otherwise the court cannot indulge a pre-
sumption of law that the implicated act or omission of either
party was prudent and cautious or negligent and wrongful,
but the inference of negligence or its absence is an ultimate
fact to be determined by the trial court or jury.  *City of In-
dianapolis* v. *Keeley* (1906), 167 Ind. 516, and cases cited;
*Southern Ind. R. Co.* v. *Peyton* (1902), 157 Ind. 690.

Contributory negligence, when apparent either from the pleadings or proof, will bar a recovery, but since the act of 1899, *supra,* it is wholly a matter of defense, and a complainant is not required to allege his own freedom from fault, but a complaint will be good in that respect, unless the fact of contributory negligence affirmatively appears on the face of the pleading. It is not contended that any facts are disclosed upon the face of appellee's complaint to warrant an inference that the decedent was remiss in the exercise of vigilance for his safety, but, on the contrary, the complaint expressly avers that he was proceeding with due care and caution at the time he was struck and injured. The complaint was clearly sufficient in this regard to withstand appellant's demurrer. *Cleveland, etc., R. Co.* v. *Lynn* (1909), 171 Ind. 589; *City of Indianapolis* v. *Keeley, supra; Stoy* v. *Louisville, etc., R. Co.* (1903), 160 Ind. 144; *Southern Ind. R. Co.* v. *Peyton, supra.*

Appellant's counsel urge as errors requiring the granting of a new trial, that the court gave certain erroneous instructions, and refused others properly requested, and that the verdict is not sustained by sufficient evidence and is contrary to law.

Complaint is made of instruction one, given at the request of appellee, which advised the jury that if it was the custom of appellant to close its gates at the William street crossing when an engine or train or cars approached, and decedent was familiar with that custom, and when he approached he found the gates open and no warning was given that it was unsafe to cross, he had a right to presume no locomotive or train was aproaching and that it was safe to cross appellant's tracks. This instruction, so far as it goes, embodies a declaration of law approved by this court, and was not erroneous. *Pennsylvania Co.* v. *Stegemeier* (1889), 118 Ind. 305, 10 Am. St. 136; *Indianapolis Union R. Co.* v. *Neubacher* (1896), 16 Ind. App. 21; *Cleveland,*

*etc., R. Co.* v. *Schneider* (1888), 45 Ohio St. 678; *Lindeman* v. *New York, etc., R. Co.* (1887), 11 N. Y. St. Rep. 837; *Fitzgerald* v. *Long Island R. Co.* (1887), 10 N. Y. St. Rep. 433; 2 Wood, Railway Law, 1328.

The third instruction was similar in substance, with the additional statement, that in such circumstances the open gates were an affirmative assurance that there was no danger, upon which the traveler by exercising ordinary care might act without being chargeable with negligence. This instruction is supported by the authorities, and was not erroneous. *Nichols* v. *Baltimore, etc., R. Co.* (1904), 33 Ind. App. 229; *Central Trust Co.* v. *Wabash, etc., R. Co.* (1886), 27 Fed. 159; *Delaware, etc., Co.* v. *Larnard* (1908), 161 Fed. 520, 88 C. C. A. 462; *Schulte* v. *Louisville, etc., R. Co.* (1908), 128 Ky. 627, 108 S. W. 941.

Instruction five declared that the burden of proving contributory negligence was upon appellant, but if decedent's contributory negligence affirmatively appeared from the evidence it was immaterial upon whom the burden of proof rested, since in that event appellee could not recover. This instruction was intended for appellant's benefit, and is not essentially different in effect from instructions upon the subject of proving contributory negligence heretofore approved. *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467; *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Town of Winamac* v. *Stout* (1905), 165 Ind. 365; *M. S. Huey Co.* v. *Johnston* (1905), 164 Ind. 489.

Instructions three, seven, eight, nine and ten, tendered by appellant, were refused. They were in part covered by other instructions, and to some extent in conflict with proper instructions given, and as to some propositions there was no evidence making the same relevant. It is our conclusion, without extended discussion, that no error was committed in the refusal to give these instructions.

Appellant complains further of the court's refusal to give

its instructions twelve, thirteen, fourteen, seventeen, eighteen and twenty-one. The general purport of these instructions was that no recovery could be had unless it appeared that the decedent was free from contributory negligence. Instruction eighteen was typical of all, and, being the briefest in its terms, will be set out in full. It reads as follows: "You must find from the evidence that at the time decedent received his injury he was in the exercise of due care for his safety, and if you find that no facts have been adduced either by the plaintiff or the defendant, from which you can reasonably infer what the conduct and actions of the decedent were at the time of his injury, then your verdict should be for the defendant."

The cases cited in support of these instructions were all decided prior to the passage of the act of 1899, *supra*, imposing upon defendants the burden of proving contributory negligence in actions for damages on account of personal injury or death. What was said in considering the sufficiency of the complaint is applicable in this connection, and it is manifest that these instructions were incorrect and improper under the law as it now exists in this State.

The sixth instruction given by the court of its own motion was as follows: "If you find from a preponderance of the evidence, either direct or circumstantial, that the decedent entered upon defendant's tracks at the William street crossing in the city of Evansville, at a time when the gates of the defendant were open, indicating to decedent that there was no train or engine approaching said crossing, and there was no watchman present to warn the decedent of approaching danger from an oncoming train or engine, and after so entering upon defendant's tracks was injured and killed by one of defendant's passing engines, in the view of the case here suggested the plaintiff is not bound, as precedent to his right to a verdict in his favor, to prove that the decedent on his approach to defendant's tracks stopped, looked and listened for approaching trains or engines. Under such circumstances,

in the absence of evidence to the contrary, the presumption is that the decedent was free from fault that caused his injury, and that he did stop, look and listen before entering upon the tracks, and that he used due and proper care to avoid injury. At crossings in a populous city, where gates and watchmen are provided, pedestrians have a right to suppose, when the gates are opened, and no warning to the contrary given by the watchmen, that they can proceed with safety."

The instruction is condemned especially on account of the declaration that in the cirumstances stated and "in the absence of evidence to the contrary, the presumption is 11. that the decedent was free from fault that caused his injury," etc. This statement of the law was doubtless made upon the authority of the Supreme Court of the United States, but it is not a correct announcement of the rule of law prevailing in this State. In some jurisdictions, including the federal courts, a presumption of law, that a person killed by the negligence of another, prompted by the instincts of self-preservation, exercised due care for his own safety, is indulged in the absence of any evidence to the contrary. No such presumption is indulged by our courts. *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Evansville St. R. Co.* v. *Gentry* (1897), 147 Ind. 408, 37 L. R. A. 378, 62 Am. St. 421; *Toledo, etc., R. Co.* v. *Brannagan* (1881), 75 Ind. 490, 495.

The hardship wrought in certain cases by our rule, doubtless prompted the enactment of the statute of 1899, *supra,* which does not create a presumption of due care, but 12. makes contributory negligence a matter of defense, and therefore, in the absence of all evidence upon that subject, accomplishes substantially the same result. In this case, the obligation or burden of proving or developing proof of contributory negligence on the part of the deceased devolved upon appellant, and if there was no evidence upon

that subject, and it is undeniable that such is the state of the evidence, then upon the *prima facie* case of negligence made against it, on account of its violation of the city ordinance, appellee was entitled to recover. It follows that the erroneous declaration of law, to the effect that the decedent, under the circumstances stated, was presumed to have used due care to avoid injury, was harmless, since appellant must lose at all events in the absence of any evidence to support its affirmative defense of contributory negligence. Our holding is that this instruction, though technically incorrect, was harmless in this case, owing to the absence of evidence upon the subject in question.

There was evidence tending to prove the following facts: That by city ordinance appellant was required to maintain and operate automatic or other safety gates at the crossing on William street, in such manner as to afford persons using the street crossing full and complete protection against injury, to cause such gates to be managed by skilful operators from 6 o'clock a. m. to 9 o'clock p. m. of each day, and to keep the gates closed during the passage of an engine, car or train of cars over the crossing, and to keep the same open at all other times. Gates had been provided and operated in accordance with the provisions of the ordinance during five or six years previous to the happening of this accident. The decedent was thirty-nine years of age, and lived on the north side of William street about two blocks east of the crossing, and about 7 :25 o'clock p. m., on November 30, 1906, he started from his home to his place of business, which was west and south of the crossing. He proceeded along the north sidewalk on William street, and when he reached the crossing a freight-train on the first track was just pulling past, going northwardly. The gates were open, and when the last car passed he entered upon the crossing, and just about that time appellant's employes in charge of a switch engine, without warning, shoved a passenger coach, which had been standing on the second track just north of

the crossing, and was concealed by the freight-train, southwardly upon and over the crossing. The coach was dark, and had no light on the rear end as it was backed over the crossing. The light on the engine was concealed by the coach. The street light was 175 feet distant, and at the time was practically out, and the crossing was dark. The gateman was not at his post of duty, but had been assisting some women over another part of the crossing. Berndt was struck by the passenger coach and dragged eighteen or twenty feet from the sidewalk, where he was found between the first and second tracks from the east, fatally injured and unconscious. He remained unconscious until his death, which occurred on the following day as a result of his injuries. The evidence was sufficient to sustain the verdict. *Cleveland, etc., R. Co.* v. *Stewart* (1903), 161 Ind. 242; *Conaty* v. *New York, etc., R. Co.* (1895), 164 Mass. 572, 42 N. E. 103; *Palmer* v. *New York, etc., R. Co.* (1889), 112 N. Y. 234, 19 N. E. 678; *Oldenburg* v. *New York, etc., R. Co.* (1891), 124 N. Y. 414, 26 N. E. 1021; *Kane* v. *New York, etc., R. Co.* (1892), 132 N. Y. 160, 30 N. E. 256; *Chesapeake, etc., R. Co.* v. *Vaughn* (1906), (Ky.), 97 S. W. 774; *Louisville Bridge Co.* v. *Moroney* (1908), (Ky.), 106 S. W. 870; *Shafer* v. *Lehigh Valley R. Co.* (1907), 75 N. J. L. 75, 66 Atl. 1072.

It follows that the court did not err in overruling appellant's motion for a new trial. The judgment is affirmed.