NEW YORK CENTRAL RAILROAD COMPANY *v.* DE LEURY.

[No. 14,733.   Filed September 29, 1934.   Rehearing denied
January 25, 1935.   Transfer denied March 14, 1935.]

141

G. A. *Farabaugh, Walter R. Arnold, Louis Chapleau,* and *Bertrand Walker,* for appellant.

*Floyd A. Gellison,* and *W. A. Slick,* for appellee.

KIME, J.—Appellee was injured in a collision between an automobile, in which she was riding as a guest, and a train. It appears from the interrogatories submitted to the jury and the answers thereto, that the car in which appellee was riding was a sedan, driven by one Erbaugh, who had the lights on the car deflected or what is called "the dimmers on;" that such lights were sufficient to make objects and persons visible upon the roadway ahead of said automobile two hundred feet. At the driver's left was seated one Margaret Rensberger, and appellee and another were seated in the rear seat; that it was a clear night and that the window by the driver was down three or four inches; that the car ran quietly and at the time of the collision,

was traveling about 15 or 20 miles per hour, along Taylor Street, which intersected said railroad. The crossing was located in a built-up section of the city, at which crossing, at that time, there was no watchman, gates, bell, gong or other signaling device to warn people of such crossing, except a cross arm pole, which could not, by the exercise of ordinary care by appellee be seen until after the automobile in which she was riding had entered upon the tracks of the appellant. Said crossing contained three tracks, the south one being one and one-half feet higher than the street level and the center and north track, one and one-half feet higher than the south track. The planking and roadbed were up flush with the top of the rails of the tracks so that appellee, riding in the rear seat of the sedan, would not, in the exercise of ordinary care, become aware of the intersection until the automobile in which she was riding had entered upon appellant's tracks, and that appellee had no such knowledge until she entered upon the said south track, nor had she until that time any knowledge of the approach of the train, although she was looking straight ahead at the road. That on and prior to the date of the accident a city ordinance limited the rate of speed of trains passing through the City of Mishawaka to twenty-five miles per hour; that the train approached the intersection and struck the automobile while the train was running at twenty-eight miles per hour, and the bell on the train was continually ringing as the train approached the Taylor Street crossing. The whistle on the engine was sounded not more than one hundred rods nor less than eighty rods west of the Taylor Street crossing and although appellee and the others in the automobile had been singing, they had ceased singing when the automobile reached the crossing. Appellee was aware that the track must be crossed before reaching her home

and she listened for trains about 100 feet south of the crossing but heard none. The driver of the automobile was not under the influence of liquor at the time of the collision. The automobile in which appellee was riding was hurled through the air about one hundred feet by the impact and the train travelled about fourteen hundred feet after the collision.

Appellee brought a suit for damages on account of injuries sustained by her, and, among other things, her complaint alleged that appellant was negligent: (1) in that it operated its train at a speed in excess of twenty-five miles per hour, as fixed by an ordinance of the town of Mishawaka; (2) in that appellant failed to ring any bell to give warning to any person, including appellee, of the approach of said locomotive and cars to said intersection; and (3) that it failed to sound any whistle for the same purpose.

The appellant filed a motion for judgment in its favor on the answers to the interrogatories, which motion was overruled and a verdict was returned for the appellee and damages assessed in her favor in the sum of $4100.00.

Appellant brought this appeal, assigning as error the overruling of its motion for judgment in its favor, on the answers of the jury to the interrogatories and the overruling of its motion for a new trial.

As to the first error assigned only the complaint, the interrogatories, the answers thereto and the general verdict can be considered.

Appellant stresses proximate cause of the collision and urges that appellee is in error in assuming that "three statutory blasts of the whistle were not sounded as required by statute" and says that such error is due to a mistake in construing interrogatory number 27, which is as follows: "Is it a fact that immediately preceding the accident the whistle

upon the engine of defendant's train with which the collision occurred had been sounded not less than eighty, nor more than one hundred rods from such crossing, at least three times?" to which the answer was "no" and the following interrogatory number 28: "Was the whistle on the engine blown not more than one hundred rods nor less than eighty rods west of the Taylor Street crossing immediately before the collision?" to which the answer was "yes." It can readily be seen that interrogatory number 27 elicited the information that the whistle was not sounded *three times within the space of 20 rods,* that is, while the train was traversing the space of twenty rods between one hundred rods and eighty rods from the crossing. (Our italics.) A failure to find that the statutory three blasts were sounded within the space lying between the crossing and at least eighty rods west thereof, being the intent of §13038, Burns 1926, §55-1243, Burns 1933, §14557, Baldwin's 1934, in view of the general verdict, is a finding that such statutory three blasts were not given. Interrogatory 28 and the answer thereto show that a whistle was sounded but do not show that the statutory three blasts were sounded. As they now stand the interrogatories and answers hereto disclose that the statutory signal was not given.

"The rights of the railroad company and the public to the use of the highway crossing are equal except that the company is entitled to precedence in passing, upon giving due notice of its desire . . . to do so." *Evansville & T. H. R. Co.* v. *Berndt, Admr.* (1909), 172 Ind. 697, 88 N. E. 612, and a train is not lawfully upon the crossing, as against the traveler, without having first given the statutory signals. *The T. H. & I. R. Co.* v. *Brunker* (1891), 128 Ind. 542, 26 N. E. 178.

The failure to give a statutory signal of the approach

of a train toward a highway crossing makes the railroad company liable for the damages caused to the person by failure to give such signals, where there is no contributory fault on the part of the injured party. *The Baltimore & O. R. Co.* v. *Young* (1899), 153 Ind. 163, 54 N. E. 791; *The Pittsburgh C. C. & St. L. R. Co.* v. *Burton* (1894), 139 Ind. 357, 37 N. E. 150, 38 N. E. 594.

The three statutory blasts are required so that if the traveler fails to hear the first or second he may hear the third and had the statutory signal been given the driver of the automobile, as well as the appellee, would have probably become aware, although there was nothing else to indicate the presence of a railroad crossing, that a railroad crossing was being approached and having such knowledge the automobile would not have been driven upon such track. Appellee listened for a train about one hundred feet from the crossing but nothing indicated that one was approaching or that a crossing existed at that point. Since appellee exercised diligence and appellant was negligent in failing to give the required signal and but for such failure the collision would probably not have occurred, it follows that such neglect of duty was the proximate cause of the collision. *The Pittsburgh C. C. & St. L. R. Co.* v. *Burton, supra.*

The general verdict was a finding that one or more of the several acts of negligence charged in the complaint was the proximate cause of the injury and that the appellee was not guilty of any negligence which proximately contributed to the injury. *Cleveland C. C. & St. L. R. Co.* v. *Markle* (1918), 187 Ind. 553, 119 N. E. 371, and such verdict is supported by the interrogatories and the answers thereto.

Having established one of the charges in the com-

plaint, as the proximate cause of the injury, we do not deem it necessary to discuss the other two.

We have examined all of the interrogatories and answers thereto and are of the opinion that they are not in conflict with the general verdict.

Because the planking and roadbed was up flush with the top of the rails of the track appellee could not, by the exercise of ordinary care, become aware of the intersection until the automobile in which she was riding had entered upon such south track, and although she was looking straight ahead of the automobile she did not, by any warning, gates, cross-arm pole, or sign, have knowledge of such intersection or the approach of such engine until she was on the tracks of appellant. A guest in an automobile, as a matter of law, is required to exercise only reasonable care to ascertain whether a train is approaching, and if it is, to warn the driver of the automobile thereof. *Grand T. W. Ry. Co.* v. *Cather* (1931), 92 Ind. App. 563, 167 N. E. 551. And where one is not familiar with the locality and there is nothing to reveal the presence of a crossing, or anything to call attention to any occasion specially for looking or listening, or anything to indicate the presence of danger, only ordinary care is necessary. *Chicago R. Co.* v. *Fretz* (1910), 173 Ind. 519, 90 N. E. 76. The fact that the rays of light of the engine headlight were visible to a traveller does not necessarily charge such traveller with knowledge of a train's approach as the inference that the rays of light were from a street light or some kind of light other than that of an engine light might be drawn by the jury. *Grand T. W. R. Co.* v. *Reynolds* (1910), 175 Ind. 161, 92 N. E. 733, 93 N. E. 850. A grade crossing is a warning of danger where known or visible to a traveller or guest. *Malott* v. *Hawkins* (1902),

159 Ind. 127, 63 N. E. 308; *Indiana T. Co.* v. *Myers* (1910), 47 Ind. App. 646, 93 N. E. 888.

Appellant further contends that the refusal of the trial court to give certain instructions tendered is reversible error, but we find such contention erroneous as a careful examination, of such instructions, reveals that some of them were properly refused because they were not applicable in their entirety or were confusing; others were covered by instructions already given. Another instruction, the refusal to give being assigned as error, is harmless error as a court commits no reversible error in refusing to give an instruction covering a certain fact in the case, when answers to interrogatories, as shown by the record, deny the existence of such fact. Other instructions were properly refused because they placed a greater burden upon appellee than the law required. Appellant sought, by an instruction, to have the term "under the influence of liquor" defined and this instruction was properly refused because it has been frequently held that such a term is of common usage and required no definition or explanation to be understood by jurors of ordinary intelligence. *Welch* v. *State* (1921), 48 Okla. Cr. R. 257, 277 Pac. 280; *State* v. *Reifsteck* (1927), 317 Mo. 268, 295 S. W. 741.

Appellant complains of the admission of evidence over objection and we find that such evidence was properly admitted. Appellant asks that this case be reversed because the mother of appellee testified, over objection, as to appellee's mental and physical condition subsequent to the accident. The evidence discloses that prior to the accident appellee lived with her mother; that after the accident the mother visited appellee at the hospital every day, and that on such visits she watched appellee and observed that appellee was suffering pain and that mentally ap-

pellee was not normal, in that appellee could not even remember that certain of her friends visited her the day before. Our Supreme Court in the case of *The Carthage Turnpike Company* v. *Andrews* (1885), 102 Ind. 138, 142, 1 N. E. 364, held that testimony of this kind should be regarded as being within the general rule that non-expert witnesses may give their opinions, if they state, as far as possible, the facts and observations upon which they are based. Zollars, J., speaking for the court, said: "That a non-expert may give an opinion at all, is the rule of necessity. He must, in all cases, so far as possible, state the facts upon which he bases his opinions. . . . When questions as to the conditions of the mind and body are the questions in issue, there are often many things in the acts, deportment and appearance of the party which create a fixed and reliable judgment in the mind of the observer that can not be conveyed in words to the jury. . . . In such cases, if the witness states that he is acquainted with, has had opportunity to, and has observed the party, this, it has been held, is sufficient to render the witness competent to state the condition of the party mentally or physically. The weight to be given to such evidence, of course, will depend upon the intelligence of the witness, the intimacy of his acquaintance with the party, and upon other things that may appear by the examination in chief, and by a cross-examination."

As to the alleged misconduct of counsel for appellee, in making unnecessary remarks, during the trial of the cause, of which the appellant complains, we find that the court exercised the utmost patience and explicitly instructed the jury to disregard such remarks, and gather all facts from the witnesses only. When a court attempts to correct the alleged misconduct of counsel, as herein complained of, by instructions, which, if given in a spirit to effect the purpose,

and it must be so accepted, then a jury of ordinary intelligence would·be presumed to ignore such remarks. *Cleveland* v. *Markle, supra.*

Appellant attempted to elicit certain information which was objected to by appellee and the court sustained such objection, to which appellant excepted and assigns the same as error. However the information sought was elicited and later admitted without objection, therefore, such alleged error, if any, upon the admission of the evidence, became harmless error. *City of Terre Haute* v. *O'Neal* (1920), 72 Ind. App. 485, 126 N. E. 26.

Finding no reversible error the judgment of the St. Joseph Circuit Court is in all things affirmed.