NEW YORK CENTRAL RAILROAD COMPANY ET AL. *v.* KIRK,
ADMINISTRATRIX.

[No. 15,637. Filed December 15, 1937.]

*Samuel D. Miller, Sidney S. Miller, Harold H. Bredell, H. N. Quigley* and *S. W. Baxter,* for appellants.

*Seth Ward* and *Richard Smith,* for appellee.

KIME, J.—This was an action by Louise Kirk, administratrix of the estate of James M. Kirk, deceased, against the New York Central Railroad Company and the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, as defendants, seeking to recover damages, on account of decedent's death, which occurred

between 1:00 and 2:00 o'clock A. M. on July 19, 1934, as a result of a collision at a railroad crossing between a passenger train and the automobile which was being driven at the time by the decedent. To the complaint the defendants filed answer in general denial and on the issues thus formed the cause was submitted to a jury for trial. The jury returned a verdict for plaintiff and against the defendants and assessed damages in the sum of $10,000.00 and also returned answers to sixteen interrogatories propounded to it.

Defendants' separate motions for new trial containing twenty grounds were overruled and judgment was entered according to the verdict. This appeal followed, and the error assigned is the overruling of the separate motions for new trial.

Appellants contend that the verdict is not sustained by sufficient evidence and is contrary to law as to The Cleveland, Cincinnati, Chicago and St. Louis Railway Company for the reason that such railroad company was lessor of the railroad in question and that the New York Central Railroad Company was lessee thereof and operating the train that collided with the automobile of decedent and caused his death; and that under §55-2512 Burns 1933 (§14287 Baldwin's 1934) the New York Central Railroad Company was the operator of the train, and, therefore, The Cleveland, Cincinnati, Chicago and St. Louis Railway Company was not liable for any damages herein. And further since the complaint charges a failure to comply with §55-1243 Burns 1933 (§14557 Baldwin's 1934), that inasmuch as The Cleveland, Cincinnati, Chicago and St. Louis Railway Company was not "operating" the train there could be no obligation to decedent on its part to conform to this statute and hence; so far as it was concerned there could be no violation thereof. The evidence discloses, without contradiction, that the train

which caused the death of decedent was being *"operated"* as contemplated by the above statute by the New York Central Railroad Company, and, therefore, the verdict against The Cleveland, Cincinnati, Chicago and St. Louis Railway Company was not sustained by any evidence and is contrary to law.

The New York Central Railroad Company contends that it violated no duty owing to appellee's decedent and that if it did that decedent was guilty of contributory negligence as a matter of law and consequently it is not liable in damages. There is evidence from which the jury was warranted in concluding, as the verdict indicates, that the statutory signals as required by §55-1243 Burns 1933, *supra* (§14557 Baldwin's 1934), were not given; that there was a fog which obscured the vision of the appellee's decedent as he approached the intersection; that because of such fog had decedent looked to the east, the direction from which the train was approaching, he would have been unable to see the train and because of the lack of signals, as above shown, even if he listened he could not have heard (as by statute contemplated) the train's approach, hence decedent was not guilty of contributory negligence and the negligence of the New York Central Railroad Company in failing to give the signals was the proximate cause of decedent's death. *New York Central Railroad Company* v. *Deleury* (1934), 100 Ind. App. 140, 192 N. E. 125.

The judgment of the Marion Circuit Court is reversed as to The Cleveland, Cincinnati, Chicago and St. Louis Railway Company and the trial court is directed to enter a judgment herein in favor of said company. The judgment as to the New York Central Railroad Company is in all things affirmed and it is so ordered.