WILLIAM H. MORRISSEY, administrator, *vs.* BOSTON AND MAINE
RAILROAD.

Franklin.    September 16, 1913. — October 22, 1913.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence*, Railroad, At grade crossing.

In an action by an administrator against a railroad corporation for causing the
death of the plaintiff's intestate by a collision of a train of the defendant with a
wagon in which the intestate was driving on a highway at an open grade crossing
of the defendant's railroad, if there is evidence that the intestate's view was so
obstructed by cars and trains on other tracks of the defendant that the train
which struck him could not be seen until he was almost upon the crossing;
that there was so much noise there that neither the coming train nor its signals
could be heard; and that the defendant's flagman whose duty it was to guard
this crossing had his attention engaged elsewhere and gave no warning to the
intestate until the intestate was close upon the track and could not avoid being
struck, the question whether the intestate was in the exercise of due care is for
the jury.

A traveller on a highway approaching an open grade crossing of a railroad, where he
knows that a flagman is stationed, has a right to rely to some extent upon the
absence of any warning from the flagman, although this does not excuse him from
the duty of exercising diligence for his own protection.

TORT, by the administrator of the estate of Frank Zakazenski,
for causing the death of the plaintiff's intestate at an open grade
crossing of a railroad track of the defendant with a highway lead-
ing from the village of South Deerfield in the town of Deerfield
toward Mill River, by means of the collision of a locomotive engine,
attached to a train of the defendant, with a wagon in which the
intestate was driving on September 19, 1910, alleged to have been
due to the negligence of the defendant's flagman in failing to dis-
play his flag when the train was approaching the crossing. Writ
dated December 12, 1910.

In the Superior Court the case was tried before *Hitchcock*, J.
The material facts shown by the evidence are stated in the opinion.
At the close of the evidence the defendant asked the judge to
make certain rulings, which included the following:

"1. Upon all the evidence the plaintiff cannot recover.

"2. The plaintiff was bound to prove due care on the part of

the deceased, and, due care not having been shown, the plaintiff cannot recover."

The judge refused to make these rulings, as well as others which have become immaterial, and submitted the case to the jury.

The jury returned a verdict for the plaintiff in the sum of $1,500; and the defendant alleged exceptions.

*D. Malone*, (*C. N. Stoddard* with him,) for the defendant.

*F. J. Lawler*, for the plaintiff.

SHELDON, J. The defendant contends that a verdict should have been ordered in its favor.

It is settled that a grade crossing like the one at which the plaintiff's intestate was killed is a highly dangerous place; and it was the duty of the intestate in driving over it to make a reasonable use of his senses to ascertain whether a train was about to pass, and a failure to do this would constitute negligence on his part such as to prevent a recovery by him or by his administrator for an injury or for his death, where, as here, the statutory signals were given from the approaching train. *Rogers* v. *Boston & Maine Railroad*, 187 Mass. 217, 219.

But there was evidence that the intestate's view was so obstructed by cars and trains upon other tracks of the defendant that the train which struck him could not be seen until he was almost upon the crossing; that there was much noise about there, so that the coming train or its signals could not be heard; and that the defendant's flagman whose duty it was to guard this crossing had his attention engaged elsewhere and gave no warning to the intestate until the latter was close upon the track and could not avoid being struck. Under these circumstances, the question of the intestate's due care was for the jury.

He could rely to some extent upon the fact that as he approached the crossing he had no warning from the flagman to whom the defendant had entrusted the duty of giving reasonable warning to travellers. It could be found that his senses of sight and hearing gave and could give him no information of the impending danger. These circumstances could not excuse him from the duty of exercising diligence for his own protection; but they were matters to be considered by the jury. As it was put by Rugg, J., in *Fitzhugh* v. *Boston & Maine Railroad*, 195 Mass. 202, 204, it could be found that the intestate, "for a reasonable distance before reach-

ing the crossing, was on the lookout for the train and depended upon his own sight and hearing, his watch for the flagman, and the action of his horse, . . . to advise him if he was in danger, and he received no warning through any of these channels, until it was too late." Here, as in that case, "it cannot be said, therefore, as matter of law, that . . . [he] was not in the exercise of due care." The admitted physical surroundings, the time and atmospheric conditions here were not, as they were in *Allen* v. *Boston & Maine Railroad,* 197 Mass. 298, 301, such as to show ample opportunity for the intestate to know that a train was near in time to protect himself from danger. And, as was said by Rugg, J., in that case (p. 302): "A traveller is not obliged to look where sight is so obscured as to afford him no intelligence, nor to listen if conditions are such that there can be no hearing, because under these circumstances he can gain nothing thereby." To the same effect see *Santore* v. *New York Central & Hudson River Railroad,* 203 Mass. 437, 444. The intestate could not, as the driver in *Lundergan* v. *New York Central & Hudson River Railroad,* 203 Mass. 460, 465, could, look and listen in such a way or at such a place as to discover seasonably the oncoming train. There is of course no inflexible rule that a traveller always must stop, look and listen before passing over a grade crossing, although it is also true that "he cannot alone rely upon the railroad and its employees to do their duty, but must actually exercise his own faculties of sight and hearing and common sense to care for himself." *Hamblin* v. *New York, New Haven, & Hartford Railroad,* 195 Mass. 555, 557. But although the evidence was not strong in favor of the plaintiff, we cannot say that it did not present a question for the jury. See also *Craig* v. *New York, New Haven, & Hartford Railroad,* 118 Mass. 431; *Randall* v. *Connecticut River Railroad,* 132 Mass. 269; *Robbins* v. *Fitchburg Railroad,* 161 Mass. 145.

There was evidence that the accident was due to the negligence of the defendant's servants. There has been no argument to the contrary.

It follows that the defendant's first and second requests for instructions could not have been given. No other question has been argued in its behalf.

*Exceptions overruled.*