IRA N. KILBURN, administrator, *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

WILLIAM H. MOREHOUSE *vs.* SAME.

Hampden.    June 15, 1914. — September 10, 1914.

Present: RUGG, C. J., HAMMOND, BRALEY, SHELDON, & DE COURCY, JJ.

*Negligence,* On railroad track at side of highway.

If the driver of a large motor truck sees some freight cars standing on a railroad track at the side of a street several hundred feet away with no engine in sight, and, thinking that he can back the truck across the track to deliver some packages at the shipping room of a mill and get off the track before the cars will be moved in any way, he attempts to do this, but the cars are kicked down the track by a switching engine, and if by reason of the noise made by the wind and by the truck his attention is not attracted to the noise of the cars and the shouting of the brakeman and a collision occurs in which he is killed and the motor truck is injured, these facts, taken in connection with others, are evidence of the driver's due care in actions to recover for his death and for the injury to the motor truck.

If the driver of a motor truck, that was struck by freight cars kicked down by a switching engine on a railroad track at the side of a street across which he had backed his truck, had with him in the truck at the time of the accident a helper on whom to some extent he may have relied to ascertain whether there was danger in backing across the track, and if the circumstances justify a finding not only that the driver but also that the helper acted with due care, it does not matter whether the driver relied for his protection upon himself alone or whether he relied to some extent upon the helper.

TWO ACTIONS OF TORT, the first by the administrator of the estate of Frederick A. Kilburn for causing the death of the plaintiff's intestate on April 8, 1912, on South Street in Holyoke, a public highway between the buildings of the Germania Mills, at the side of which was a branch railroad track operated by the defendant, by reason of the collision of certain cars of the defendant, that were kicked down the track by a switching engine, and a large motor truck driven by the intestate from which he had delivered a package at the main building of the mills; and the second action by the owner of the motor truck for injury to the truck by the same collision. Writs dated July 2, 1912.

In the Superior Court the cases were tried together before *Aiken,* C. J. The facts that could have been found upon the evidence which are necessary to an understanding of the opinion are there stated. Payette, mentioned in the opinion, accompanied Kilburn in the motor truck as a helper. The Chief Justice refused to order a verdict for the defendant or to make certain rulings requested by the defendant, and submitted the cases to the jury. The jury returned a verdict for the plaintiff in the first case in the sum of $5,000 and a verdict for the plaintiff in the second case in the sum of $1,050. The Chief Justice then asked the jury whether they found "that the way across the tracks to the mill door was a way by invitation or a way by license." The foreman answered, "Invitation," and the other jurors acquiesced.

The defendant alleged exceptions.

The cases were submitted on briefs.

*W. S. Robinson & E. T. Broadhurst,* for the defendant.

*N. P. Avery & A. S. Gaylord,* for the plaintiffs.

HAMMOND, J. This is one of a large class of cases where no useful purpose is served by a detailed recital or elaborate discussion of the evidence. It has all been carefully considered, and we are of opinion that the questions, whether Kilburn, the driver of the truck, was a licensee or an invitee while entering upon the defendant's track, and whether the defendant was negligent, were clearly for the jury. The special finding that he was an invitee was justified by the evidence.

The question whether Kilburn was in the exercise of due care is close, but upon the evidence the jury properly may have found that as he drove out of the yard into South Street he looked up

the street to see whether there was any approaching train; that even if he saw the cars standing upon the track several hundred feet away there was no engine in sight, and that to a person in his situation the cars would appear to be freight cars standing for the time being upon the track and apparently not soon to be moved; that he was justified in thinking that he could back across the track and deliver at the shipping room the few articles remaining on his truck before the cars would be started by an engine or in any other way; that by reason of the noise made by the wind and the action of the truck his attention was not attracted by the noise of the cars after they started and by the shouting of the brakeman; and that in view of all these circumstances, taken in connection with the other evidence, he was in the exercise of due care even if he relied upon himself alone.

There was also evidence upon which the jury might have found that he and Payette were engaged in the same work; that to a certain extent he relied on the latter for information as to whether there was danger in backing upon the crossing, and that under all the circumstances Payette acted with due care.

In a word, the evidence justified a finding that, whether Kilburn relied upon himself alone or to any extent upon Payette, due care was exercised for his protection.

We see no error in the manner in which the presiding judge dealt with the rulings requested. In each case the order is

*Exceptions overruled.*