ROBERT JOYCE *vs.* BOSTON, REVERE BEACH AND LYNN RAIL-
ROAD COMPANY.

Suffolk. November 12, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Negligence,* Railroad.

Where a man driving a horse attached to an open wagon, as he approaches a grade crossing of a railroad, sees that the gates are closed and then sees the first gate raised by the gateman while the gate on the other side of the crossing still is down, he has a right to take this as an invitation to cross the tracks, and, although such invitation does not absolve him from the duty of actively using his senses to protect himself from harm, it cannot be said that his failure to look and listen for trains before driving on the tracks is negligence as matter of law.

If a traveller on a highway driving a horse attached to an open wagon, as he approaches a grade crossing of a railroad, sees the first gate raised by the gateman while the gate on the other side of the crossing remains closed, and thereupon drives over the first of two parallel tracks and, when he is on the second track,

hears the ringing of bells and the sounding of whistles and sees trains approaching from both directions, whereupon he shouts to the gateman as loud as he can to open the second gate, but the gate remains closed, and one train goes by behind him while the other one is stopped within a few feet of him, but he is injured by being thrown over the dashboard of the wagon when his horse jumps for the gate at the sound of the whistles, it can be found on these facts, that the traveller was in the exercise of due care and that the action of the gateman in raising the first gate and failing to raise the second one was negligence with which the corporation operating the railroad was chargeable.

TORT for personal injuries received, in the manner stated in the opinion, on January 3, 1912, at the crossing of the defendant's tracks with Maverick Street in the part of Boston called East Boston. Writ dated June 12, 1913.

In the Superior Court the case was tried before *Aiken,* C. J. At the close of the plaintiff's evidence, which is described in the opinion, the defendant asked the judge to make the following rulings:

"1. That on all the evidence the plaintiff is not entitled to recover.

"2. That on all the testimony there is not sufficient affirmative evidence of due care on the part of the plaintiff.

"3. That there is no evidence of negligence on the part of those in charge of the train or trains of the defendant; that it was the duty of the engineers under the statutes in approaching grade crossings to blow the whistle or ring the bell.

"4. That the plaintiff, although one gate rose, was obliged actively to use his senses and to look and listen before entering upon the crossing and that there is no evidence that he did so. (*Ellis* v. *Boston & Maine Railroad,* 169 Mass. 600.)"

The Chief Justice refused to make any of these rulings, and submitted the case to the jury with instructions which were excepted to only so far as they were inconsistent with the rulings requested. The jury returned a verdict for the plaintiff in the sum of $800; and the defendant alleged exceptions.

*F. Ranney,* (*T. Allen, Jr.,* with him,) for the defendant.

*B. A. Brickley,* for the plaintiff.

CROSBY, J. This is an action of tort for personal injuries received by the plaintiff at a crossing at grade of Maverick Street, a highway in East Boston, with the double tracks of the defendant's narrow gauge railroad.

Maverick Street runs north and south, crossing the tracks at right angles. At the crossing, approaching the tracks from the south, was a gate about six feet from the first rail of the southerly or inbound track; the inbound track was three feet wide, being the track on which trains run from Lynn to the ferry. There was a space of five or six feet between the inbound and the outbound tracks, the outbound track being of the same width as the inbound track. There was another gate on the northerly side of the crossing, about six feet from the northerly rail of the outbound track. The gateman raised and lowered the gates from his position on the northerly side of the crossing.

On the morning of the accident the plaintiff approached this crossing from the south. He was driving a horse attached to an open wagon and had on the seat beside him his hired man. When they arrived at the tracks the gates were down. When the plaintiff came to the first gate it was raised by the gateman, and the plaintiff drove across the first or southerly track and entered upon the second track. The gate on that side was down. The plaintiff testified that trains were approaching him from both directions and he heard the ringing of bells and sounding of whistles on the engines; that he was then on the second or outbound track, and that he shouted to the gateman as loud as he could to open the gate; that the gate was not opened; and that while he was in this position an inbound train passed him and an outbound train stopped within a few feet of where he was on the track. The evidence showed that he was not struck by a train, but was injured by reason of his horse's jumping for the gate when the whistle was sounded, throwing the plaintiff over the dashboard and causing the injuries complained of.

The plaintiff testified that the gateman did not open the gate until after the outbound train came to a stop at a point eight or ten feet from the place where the plaintiff's team was upon that track. The plaintiff's hired man, who jumped from the wagon, corroborated the plaintiff's story as to the position of the gates and in other particulars.

At the trial the defendant offered no evidence, but at the close of the plaintiff's case contended that the plaintiff was not entitled to recover; and made certain requests for rulings.

The plaintiff must show that he was in the exercise of due care. It is the contention of the defendant that there was no evidence to show that the plaintiff looked or listened for approaching trains, and for that reason is precluded from recovery as matter of law.

As a railroad crossing is well known to be a place of danger, it is generally necessary for a person seeking to recover for injuries received thereon to show not only that he looked and listened but that he did so in such a manner as to enable him to see or hear an approaching train, if one was within his sight or hearing; but it is not an absolute rule of law that a person always must look and listen. However, he must use his powers of observation and hearing actively to protect himself from the dangers of the situation with which he is confronted.

In this case the evidence showed that the gate nearest the plaintiff as he approached the crossing was being raised. This fact justified him in crossing the tracks. While the gate on the other side of the crossing was down, he might reasonably have expected that it would be raised as he approached it so that he might pass safely over. When the first gate was raised it was evidence of an invitation on the part of the gateman for him to cross, and while he could not rely wholly upon such invitation and must still actively use his senses to protect himself from harm, it could not be ruled that he failed to use ordinary care if he did not look or listen. There was evidence to show that he endeavored to protect himself from injury; that when he heard the sounding of the whistles and bells upon the approaching trains, he immediately shouted to the gateman as loud as he could to raise the gate and allow him to get off the track. It is difficult to say what more he could have done to relieve himself from the situation in which he was placed. He was apparently in a position where he could not retrace his steps after he had driven upon the second track, and could reach a place of safety only by passing over it. This he was unable to do because the gate in front of him had not been raised. There is no evidence that he saw or heard any train until he had passed nearly over the crossing, or that a train was in sight or hearing before that time.

We are of opinion that it could not have been ruled that the plaintiff was not in the exercise of due care, and that that question was properly submitted to the jury with appropriate instructions.

It is plain that the jury could have found that the act of the gateman in raising the first gate, and his failure to raise the gate on the northerly side of the crossing, constituted negligence on his part with which the defendant was chargeable.

It follows that none of the defendant's requests for rulings could have been given.

This case is plainly distinguishable from the cases of *Ellis* v. *Boston & Maine Railroad,* 169 Mass. 600, and *Allen* v. *Boston & Maine Railroad,* 197 Mass. 298, relied upon by the defendant, and is governed by *Clark* v. *Boston & Maine Railroad,* 164 Mass. 434, and *Conaty* v. *New York, New Haven & Hartford Railroad,* 164 Mass. 572, and cases cited.

*Exceptions overruled.*