MERRILL E. FRENCH *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   March 8, 1918. — May 23, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Negligence,* Invited person, Railroad, At railroad station.

One, who is under contract with the federal government to carry mail from mail trains at a certain railroad station to a post office near by, is not a trespasser nor a mere licensee while passing from a train upon a siding from which he has taken mail along a cinder walk between the siding and the main track to go to the platform of the station, where it appears that it was customary for the mail train to stop and discharge mail, express matter and passengers on the siding and that he with the knowledge of the railroad corporation was accustomed to receive the mail there and to cross the intervening track to the station platform.

In front of a certain railroad station, beyond and parallel to the main track, which ran east and west, there was a siding with a switch connecting it with the main track beyond each end of the station, the siding west of the station being about three hundred seventy-five feet distant and about three hundred feet beyond an overhead concrete bridge. Two trains were due at the station at the same time, one from the east carrying mail, express matter and passengers to be there discharged, and one from the west not taking mail, express matter or passengers at the station. On a certain day before the enactment of St. 1914, c. 553, the train from the east, as was usual, arrived first and, as was customary under those circumstances, took the siding, the mail car when stopped being west of the station platform. The custom was for the train from the west, if it arrived in the meantime, to stop west of the first switch and wait there until the first train had discharged mail, express matter and passengers. Between the siding and the main track was a space nine feet wide which, with the space between the rails of the main track, was filled with cinders levelled to the height of the rails. After a carrier of mail had received the mail from the train from the east, he looked toward the west and no train was in sight. He then turned round and, pushing a wheelbarrow carrying the mail, started along the space between the tracks toward the station platform, and, before he reached the platform, upon hearing some one shout, saw the train from the west ten feet from him. The wheelbarrow was struck by the train and he fell between the tracks and was injured.   The train from the west was running at the rate of thirty miles an hour. At the trial of an action by the mail carrier against the railroad corporation for his injuries, upon evidence tending to prove the foregoing facts, it was *held* that findings were warranted that the plaintiff was in the exercise of due care and that the engineer of the train from the west was negligent.

The plaintiff in the action above described was entitled to rely to a certain extent upon the custom, which could have been found to exist and of which he had knowledge, that the train from the west under the circumstances should wait beyond the switch until the train upon the siding had discharged mail, express

matter and passengers and until those obliged to cross the main track had had an opportunity to reach a place of safety.

It would not have been proper in the action above described to have ruled as a matter of law that the plaintiff was negligent in not having looked a second time toward the west in travelling the distance of fifteen or twenty feet from the west bound train to the place where he was injured.

TORT for personal injuries received when the plaintiff, who was employed by the United States to receive the mail at the defendant's station at Weston, was run into by one of the defendant's railroad trains. Writ dated February 19, 1916.

In the Superior Court the case was tried before *Morton,* J. The material evidence is described in the opinion. At the close of the evidence the judge ordered a verdict for the defendant and, by agreement of the parties, reported the case for determination by this court, judgment to be entered upon the verdict for the defendant if his ruling was correct, and, if it was wrong, judgment to be entered for the plaintiff in the sum of $400.

*A. T. Johnson,* for the plaintiff.

*J. M. O'Donoghue,* for the defendant.

CROSBY, J. There was evidence that the plaintiff had a contract with the federal government to carry the mail from mail trains, when they arrived at the railroad station in Weston, to the post office in that town. He had rendered this service under similar contracts for about thirty years before January 31, 1914, when he was struck by an engine of the defendant and received the injuries for which this action is brought.

The defendant maintains a single track in Weston, which runs east and west, the station being on the southerly side. Opposite the station — north of the main track — there is a long siding with a switch at each end so that approaching trains can pass each other at this point. A platform in front of the station, eight or ten feet wide, extends to within about two feet of the southerly rail of the main track; and the space between the northerly rail of the main track and the southerly rail of the siding — a distance of approximately nine feet — is filled in with cinders almost level with the tops of the rails.

At the time of the accident there was a mail train from Boston due to arrive at the station about 6:11 o'clock in the evening; and it was the practice to discharge the mail and express matter and to allow passengers to leave and enter the train. There was

also a train for Boston due to arrive at Weston at the same time. The train from Boston, as was usual, arrived first, in which event it was the practice for the train bound for Boston to stop near a switch about three hundred and seventy-five feet west of the station and wait there until the mail and express matter had been removed and the passengers had alighted. The train from Boston took the siding, and came to a stop with the engine underneath an overhead concrete bridge about seventy-five feet west of the station and the forward end of the car containing the mail and express matter at about the easterly face of the bridge. When this train arrived the train for Boston was not in sight. The plaintiff testified that he went to the door of the mail car with a wheelbarrow which he used to carry the mail, turned it round, and placed the mail pouches in it; that he then turned round and looked up the main track, and, the train for Boston not being in sight, started to go to the station platform walking between the main track and the siding; that he went fifteen or twenty feet with his back toward the west, then turned to cross the main track to go upon the platform when he heard some one shout, and saw the train for Boston coming toward him, and about ten feet away; that the wheelbarrow was struck by the engine, and he was knocked down and fell between the two trains; that at that time the train from Boston was standing still or was just starting. There was evidence that the train which struck the wheelbarrow was running at the rate of thirty miles an hour.

Upon this evidence it could not have been ruled that the plaintiff was a trespasser, or merely a licensee, while between the tracks. But it could have been found that he was there rightfully, — at a place where he was required to be in the performance of his duties in receiving the mail from the train, — and in accordance with a practice which existed respecting the discharge of mail from the train and of which the defendant had knowledge. *Turner* v. *Boston & Maine Railroad,* 158 Mass. 261, 263. *Kilburn* v. *New York, New Haven, & Hartford Railroad,* 218 Mass. 493. *Joyce* v. *Boston, Revere Beach & Lynn Railroad,* 219 Mass. 476. *Palmer* v. *Boston & Maine Railroad,* 227 Mass. 493, 497.

The question whether the plaintiff was in the exercise of due care also was for the jury. As the cause of action arose before St. 1914, c. 553, went into effect, the statute is not applicable.

While the plaintiff was in a place of danger and was bound to exercise reasonable diligence to protect himself from harm, still he was entitled to rely to a certain extent upon the practice which could have been found to exist, and of which he had knowledge, — that the engineer of the train bound for Boston would stop at the switch west of the station until the express matter and mail had been removed and the passengers had alighted, and that he would not operate his train at such a rate of speed as would endanger the safety of those who were obliged to cross the main track from the train on the siding to the station platform. *Conry* v. *Boston & Maine Railroad,* 227 Mass. 411. *Hines* v. *Stanley G. I. Electric Manuf. Co.* 199 Mass. 522. *Flaherty* v. *New York Central & Hudson River Railroad,* 211 Mass. 570.

It could not have been ruled as matter of law that the plaintiff was careless because he did not look a second time in travelling a distance of fifteen or twenty feet from the car to the place where he was injured. *Manley* v. *Bay State Street Railway,* 220 Mass. 124, 128.

There was evidence which would have warranted a finding that the engineer did not bring his train to a stop in accordance with a practice which could have been found to exist; or, that if he did stop, that he again started and ran his train at an unreasonable rate of speed past the station at a time when passengers and others were invited to cross the main track. Either finding would be evidence of negligence. *Conry* v. *Boston & Maine Railroad, supra.* *Hines* v. *Stanley G. I. Electric Manuf. Co. supra.* *Hicks* v. *New York, New Haven, & Hartford Railroad,* 164 Mass. 424.

In accordance with the terms of the report, judgment is to be entered for the plaintiff in the sum of $400, as damages.

*So ordered.*